UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELSEA BAGGETT, on behalf of Himself and All Other Similarly Situated, Plaintiff, vs. HEWLETT-PACKARD COMPANY, a Delaware Corporation; and DOES 1 through 250, inclusive; Defendants. | CASE NO. SA CV 07-00667 AG (RNBx) **ORDER RE JOINT STIPULATION TO ENTER PROTECTIVE ORDER GOVERNING THE HANDLING OF DISCOVERY AND OTHER DOCUMENTS** |

**JOINT STIPULATION TO ENTER PROTECTIVE ORDER GOVERNING THE HANDLING OF DISCOVERY AND OTHER DOCUMENTS**

The parties to this action, Plaintiff, KELSEA BAGGETT, by and through his attorneys, McNicholas and McNicholas, LLP, Kabateck Brown Kellner, LLP, Chitwood Harley Harnes LLP, and Defendant, HEWLETT-PACKARD COMPANY, by and through its attorneys Morgan Lewis Bockius, LLP, and Gibson Dunn & Crutcher, LLP, do hereby stipulate to and agree that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary and hereby agree to the following protective order ("Stipulated Protective Order"):

**1. SCOPE OF STIPULATED PROTECTIVE ORDER.**

This Stipulated Protective Order includes in its scope any documents, things and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed or filed in the above-captioned case (the "Action"), by or on

behalf of any party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, a deposition, a response to any type of written discovery, a submission to the Court or otherwise ("Litigation Material"). Nothing in this Stipulated Protective Order shall obligate any party or non-party to produce any Litigation Material to any other party that it is not otherwise required to produce under the Federal Rules of Civil Procedure or any applicable local rule.

**2. DEFINITIONS.**

2.1 "Party": any or all parties to this Action, including all of its officers.

2.2 "Litigation Material": any documents, things and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed or filed in the Action, by or on behalf of any Party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, a deposition, a response to any type of written discovery, a submission to the Court or otherwise.

2.3 "Confidential Information": any Litigation Material that is produced, disclosed or filed in the above-entitled action and that qualify for protection under standards developed under F.R.Civ.P. 26(c) including: (i) confidential or proprietary technical or scientific information; (ii) confidential know-how or trade secrets; (iii) confidential, proprietary or sensitive business or financial information; (iv) product research and development information; (v) customer and supplier information; (vi) confidential pricing, marketing strategies, and sales information; (vii) strategic business information including without limitation business plans, manufacturing information, cost information or logistical information; (viii) any information which the Producing Party would not normally reveal, and has not revealed, to third parties

without causing such third parties to maintain confidence; (ix) any information which would violate any Party's right to privacy including but not limited to personal financial information; or (x) confidential information of a non-party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence. "Confidential Information" shall not include any documents concerning information that at any time has been produced, disclosed or made available to the public or otherwise available for public access.

2.4 "Highly Confidential – Attorneys' Eyes Only Information": any Litigation Material which reflects or contains any of the following: (i) technical specifications; (ii) trade secrets; (iii) confidential pricing, marketing and sales information; or (iv) any information which affords the Producing Party an actual or potential economic advantage over others.

2.5 "Producing Party": a Party or non-party on behalf of which documents, things or information is produced, furnished or disclosed, during the course of this Action, in response to requests for production of documents, interrogatories, requests for admission, depositions or any other requests for discovery pursuant to the Federal Rules of Civil Procedure, in the form of pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence or other form of information produced, furnished or disclosed by or on behalf of such a Party or non-party.

2.6 "Receiving Party": any Party to which documents, things or information is produced, furnished, or disclosed, whether voluntarily or in response to a formal or informal discovery request, subpoena, deposition notice, or court order, by any Producing Party in this Action.

2.7 "<u>Designating Party</u>": a Party or non-party that designated Litigation Material that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8 "<u>Protected Material</u>": any Litigation Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.9 "<u>Outside Counsel</u>": attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

2.10 "<u>Expert</u>": a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. This definition includes a professional jury or trial consultant retained in connection with this Action.

2.11 "<u>Professional Vendors</u>": persons or entities that provide litigation support services and their employees.

**3. <u>DURATION</u>.**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**4. <u>DESIGNATION OF PROTECTED MATERIAL.</u>**

4.1 Designating Parties shall exercise good faith in determining which Litigation Material to be produced or disclosed in this Action are to be deemed Protected Material. Each Designating Party that designates Litigation Material for protection under this Stipulated Protective Order must take care to limit any such designation to material that qualifies under the standards set forth herein.

4.2 If it comes to a Party's or non-party's attention that Litigation Material it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4.3 Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated and ordered, Litigation Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

4.3.1 for Litigation Material in documentary form (apart from transcripts of depositions or other pretrial proceedings): that the Producing Party applies by placing on each page to which the designation applies a legend substantially as follows: "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or similar designation.

4.3.2 for testimony given in deposition: that the Party or non-party: (1) during the course of any deposition designate on the record specific portions of testimony as Protected Material; or (2) within thirty (30) days from receipt of any deposition transcript, designate testimony as Protected Material by providing notice to all other counsel, and preparing and serving a Supplemental Confidential Deposition Index, which shall contain the following information: deponent name, page/line reference, level of protection being sought ("Confidential" or "Highly Confidential – Attorneys' Eyes Only").

The reporter shall prepare that portion of the testimony, or those exhibits, as a separate transcript, which shall be placed in a separate envelope attached to the deposition transcript and marked as "Confidential" or "Highly Confidential –

Attorneys' Eyes Only." Any use of the transcript in any proceedings in this matter shall be governed as set forth below.

4.3.3 for Litigation Material produced in some other form than documentary, and for other tangible items: that the Producing Party apply in a prominent place on the exterior of the container or containers in which the Litigation Material is stored the legend: "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or similar designation.

4.4 Inadvertent Production Not a Waiver.

4.4.1 If timely corrected, an inadvertent failure to designate qualified Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such Litigation Material. If Litigation Material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the Litigation Material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Litigation Material is treated in accordance with the provisions of this Stipulated Protective Order.

4.4.2 The inadvertent production of either attorney-client privileged material or material marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not constitute a waiver of any privilege or right to claim the privileged or confidential status of the documents, materials, or information produced. In no event, however, shall any provision in this Stipulated Protective Order be construed to alter the legal definition of "inadvertent," to reduce or diminish the standard or showing required to establish that the production of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" materials was truly inadvertent, or to provide protection from disclosure as governed by applicable law.

4.4.3 If a Producing Party inadvertently produced attorney-client privileged material in this Action, the Producing Party shall promptly make a good-faith representation that such production was inadvertent upon discovery of the inadvertent disclosure and take prompt remedial action to withdraw the disclosure. Within three (3) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently produced. The Receiving Party shall also destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that this Stipulated Protective Order shall not preclude the party returning such information from making a motion to compel production of the returned information. The Producing Party shall retain copies of all returned documents and tangible items for further disposition and, if such a motion is filed, shall provide the Court with copies of the documents or information which are subject of the motion.

4.4.4 If a Party produces, inadvertently or otherwise, "Confidential" or "Highly Confidential – Attorneys Eyes Only" information to a third-party not authorized to receive such information as set forth in this Stipulated Protective Order, that Party shall take prompt remedial action to withdraw the disclosure and retrieve all copies of disclosed information. The Parties retain all rights to pursue any available remedy for violation of the terms of this Stipulated Protective Order.

4.4.5 A Party that discovers it has received materials designated as or that appear by their plain terms to be subject to the attorney-client privilege or work product protection shall immediately disclose the materials to the Producing Party and inquire whether the production of the materials was inadvertent. Within ten (10) calendar days of that disclosure, the Producing Party must notify the Receiving Party

in writing whether the production was inadvertent. If the Producing Party does not respond within ten (10) calendar days, the Producing Party waives all attorney-client privilege or work product protection with respect to the particular materials identified only. During the ten (10) day period, counsel for the Receiving Party shall return all copies of the materials and shall not disclose, disseminate, analyze, reference or otherwise use the materials.

4.4.6 Should the Parties be unable to agree upon the return of such documents and information because of a good faith argument that no privilege or work product protection is applicable, the Party asserting the privilege or work product protection shall have the burden of establishing the privilege or work product protection upon application by the Receiving Party pursuant to L. Civ. R. 37-1. If the document or information is returned to the Producing Party or upon order of the Court, the production of the document or information shall not constitute a waiver of any privilege or work product protection as to the specific document or information. Any application or motion brought pursuant to this paragraph must be made in strict compliance with L. Civ. R. 37-2, and must satisfy the requirement set forth therein that the parties formulate and file a Joint Stipulation.

4.4.7 A Party objecting to an assertion of the attorney-client privilege or work product protection, nevertheless, shall comply with the protocol set forth herein pending resolution of the objection.

4.4.8 This Stipulated Protective Order shall not preclude or limit any Party's right to oppose discovery on any ground that would otherwise be available.

**5. <u>CHALLENGE TO DESIGNATION OF PROTECTED MATERIAL.</u>**

5.1 Any Party may object, at any time, to the designation of Protected Material by another Party or by a non-party by identifying the Litigation Material in writing. A Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. Within 7 days of receipt of such objection to a designation of "Confidential" or

"Highly Confidential – Attorneys' Eyes Only", the Parties shall attempt to dispose of such dispute in good faith during a meet and confer.

5.2 If the Parties cannot resolve the dispute, the Party objecting to the designation may apply to the Court within ten (10) days after the meet and confer for an order removing the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation from the Litigation Material in question. Any application or motion brought pursuant to this paragraph must be made in strict compliance with L. Civ. R. 37-2, and must satisfy the requirement set forth therein that the parties formulate and file a Joint Stipulation.

5.3 The Party designating the Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall have the burden of establishing the appropriateness of the designation and of confidential treatment of such Litigation Material.

5.4 The Litigation Material at issue shall remain Protected Material under the terms of this Stipulated Protective Order until the Court rules on the motion.

**6. ACCESS TO AND USE OF PROTECTED MATERIAL.**

6.1 All Litigation Material designated as or reflecting "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be used solely for the purposes of preparation, trial and appeal of this Action, and for no other purpose, absent further order of the Court. However, nothing herein shall prevent or in any way limit disclosure, use or dissemination of any documents, things or information that are in the public domain.

6.2 Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

6.3 Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

6.4 Other than a witness appearing at a deposition pursuant to subpoena, notice, or agreement, the court reporter, and any videographer, no person may be present at a deposition during any examination that concerns Litigation Material that constitute Protected Material unless otherwise authorized by this Stipulated Protective Order to receive or review Protected Material.

6.5 Disclosure of Confidential Litigation Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Litigation Material designated as "Confidential" only to:

6.5.1 the Receiving Party's Outside Counsel of record in this Action, as well as any employees of said Counsel to whom it is reasonably necessary to disclose the Litigation Material for this litigation;

6.5.2 the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

6.5.3 Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order", which is attached hereto as Exhibit A;

6.5.4 the Court and its personnel;

6.5.5 court reporters, videographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

6.5.6 deposition witnesses, provided the witness is an author or recipient of the document or counsel has reasonable grounds to believe that the witness may have knowledge of the document or knowledge related to the Litigation Material contained in the document.

6.5.7 Former employees of Hewlett-Packard Company who have independent knowledge of the information contained in the particular documents.

6.6 Disclosure of **"Highly Confidential – Attorneys' Eyes Only"** Litigation Material. Unless otherwise ordered by the Court or permitted in writing

by the Designating Party, a Receiving Party may disclose any Litigation Material designated as "Highly Confidential - Attorneys' Eyes Only" Litigation Material only to:

6.6.1 the Receiving Party's Outside Counsel of record in this Action, as well as any employees of said Counsel to whom it is reasonably necessary to disclose the Litigation Material for this litigation;

6.6.2 the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

6.6.3 Experts (as defined in this Stipulated Protective Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to be Bound by Protective Order," and (3) as to whom the procedures set forth in paragraph 6.7, below, have been followed;

6.6.4 the Court and its personnel;

6.6.5 court reporters, videographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

6.6.6 the author of the document or the original source of the Litigation Material.

6.7 <u>Procedure for Disclosure of "Highly Confidential – Attorneys' Eyes Only" Litigation Material.</u>

6.7.1 Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party that seeks to disclose to an "Expert" (as defined by this Stipulated Protective Order) any Litigation Material that has been designated "Highly Confidential - Attorneys' Eyes Only" must first provide written notice of the intent to make such disclosure to the Designating Party that (1) identifies the Expert's current employer(s), and; (2) identifies any employer or other

person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding ten (10) years with respect to any of the entities set forth in Exhibit B herein, and also identifies the dates and general nature of the work performed.

6.7.2 A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of the delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

6.7.3 A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so. Any such motion must set forth in details the reasons for which disclosure to the Expert is reasonably necessary. Any application or motion brought pursuant to this paragraph must be made in strict compliance with L. Civ. R. 37-2, and must satisfy the requirement set forth therein that the parties formulate and file a Joint Stipulation.

6.7.4 In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that he risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Materials to its Expert.

**7. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all of terms of this Stipulated Protective Order; and (d) request such person or persons to execute the "Agreement to be Bound by Protective Order."

**8. FILING PROTECTED MATERIAL.**

8.1 In the event that a Party seeks to file any pleading or document that is or contains Protected Material, that Party will follow the procedures set forth in Local Rule 79-5.1, and General Order No. 06-07, Sections VII.A. and VII.B.

8.2 In accordance with Local Rule 79-5.1, if any pleading or document to be filed with the Court contains Protected Information, the Party filing the proposed pleading shall submit an application to file the pleading or document (or the portion of thereof containing the Protected Information, if segregable) under seal, along with a proposed order. The application shall be directed at the Judge to whom the papers are directed. The proposed order shall address both the sealing of the application and order itself, if appropriate.

8.3 The original and Judge's copy of the pleading or document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Additionally, pursuant to General Order No. 06-07, Sections VII.A. and VII.B, a Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

8.4 Any pleading shall be deemed filed or served on the date that an application under Local Rule 79-5.1 concerning such pleading is filed or served. If the application to file under seal is granted, the Party shall file a non-electronic version of the pleading or document as set forth in Local Rule 79-5.1, as well as an electronic version of the pleading or document with Protected Material redacted.

**9. ENTRY IS NOT A WAIVER**

9.1 The Parties shall not be deemed by the entry of this Stipulated Protective Order to have waived any objection to the production of any document on any grounds or to have waived any other right, defense or objection that may otherwise be interposed in this action.

9.2 The taking of, or failure to take, any action to enforce the provisions of this Stipulated Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Stipulated Protective Order.

9.3 Nothing in this Stipulated Protective Order, nor the production by any Party in the action, shall be deemed a waiver of any privilege with respect to any information other than the specific information so produced in these actions, or of the right of the Parties to oppose production of any information.

**10. USE OF PROTECTED MATERIAL AT TRIAL**

At the pre-trial conference in this matter, the Court will consider and determine what, if any, measures, are to be followed in the presentation of evidence at trial that may include Litigation Material that have been designated as Protected Material. By entering this Stipulated Protective Order, the parties do not waive any position concerning the manner in which Confidential Information may be used at trial.

**11. RETURN OF DOCUMENTS.**

Within 60 days after (a) a judgment or order dismissing this Litigation becomes final (*i.e.*, no longer subject to appeal), or (b) an order directing distribution of any consideration to the proposed Class becomes final, whichever is later, documents marked as “Confidential” or “Highly Confidential – Attorneys’ Eyes Only” shall be returned to the attorneys for the respective Parties or destroyed by the non-producing Party. In the event the receiving Party elects to destroy the produced documents, the attorneys for such Party shall provide an affidavit from the Party’s

attorney within the aforementioned sixty (60) day period, attesting that all produced documents have been destroyed. It is the duty of the attorneys for the Receiving Party to ensure that all documents are in fact destroyed and/or returned within the designated time frame. It is also the duty of the attorneys for the Receiving Party to ensure that documents marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that were disseminated to a non-party, as authorized by the terms of this Stipulated Protective Order, are in fact destroyed and/or returned within the designated time frame. Nothing in this paragraph shall be construed to prevent the attorneys for either party from retaining a copy of all pleading and correspondence relating to this litigation provided, however, that no dissemination of such materials may be made in contravention of the terms of this Stipulated Protective Order.

**12. COURT'S RETENTION OF JURISDICTION.**

Notwithstanding the termination of the instant litigation, the Court shall retain jurisdiction over the Parties and persons receiving Protected Material pursuant to the terms of this Stipulated Protective Order for the purpose of enforcing all obligations arising hereunder.

**13. RIGHT TO SEEK AMENDMENTS.**

13.1 Nothing in this Stipulated Protective Order shall be deemed to prevent any Party from seeking amendments hereto to restrict the rights of access and use of documents and the information referred to herein, or to allow access to persons not included within the terms of this Stipulated Protective Order. Nothing contained herein shall preclude a disclosing Party from using or disseminating its own "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Litigation Materials. If, however, the Disclosing Party disseminates its own "Confidential" or "Highly Confidential –Attorneys' Eyes Only" Litigation Materials in a manner that is inconsistent with the terms of this Stipulated Protective Order, those documents shall lose their status as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

13.2 The Parties may amend this Stipulated Protective Order by mutual agreement in a writing signed by an authorized representative of each Party and approved by the Court.

**14. SUBPOENA.**

14.1 A Party to this action who is served with a subpoena for the production of any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Litigation Materials that the Party received from the other Party shall give notice of such subpoena to the other Party's counsel of record in this Litigation. Such notice shall:

14.1.1 be provided promptly and with sufficient advance notice to enable the other Party to file a motion for a protective order or a motion to quash the subpoena; and

14.1.2 include a copy of the subpoena and all attachments thereto or identify the party issuing the subpoena, the specific "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Litigation Materials subpoenaed, the requested date of production and the actual date on which the subpoenaed party intends to produce such materials pursuant to the subpoena.

IT IS SO ORDERED.

DATED: October 14, 2008

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

DATED: October 7, 2008

By: /s/
Alfredo Torrijos, Esq.

KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

*Respectfully submitted on behalf of Plaintiff*

By: /s/
Robert A. Particelli, Esq.

MORGAN LEWIS BOCKIUS LLP
Robert A. Particelli
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

*Respectfully submitted on behalf of Defendant*