Steve A. Miller (SBN 171815)
Steve A. Miller, P.C.
The Barclay, No. 2905
1625 Larimer Street
Denver, CO 80202
Telephone (303) 892-9933
Facsimile: (303) 892-8925
Email: sampc01@gmail.com

Attorney for Objector
Steve A. Miller, P.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISON

In re: HP LASERJET PRINTER LITIGATION ) CASE NO. CV 07-0667 AG (RNBx)
)
) OBJECTION TO PROPOSED
) SETTLEMENT
)
) Date: January 31, 2011
) Time: 9:00 a.m.
)

COMES Steve A. Miller, P.C. ("Objecting Class Member"), purchaser and owner of HP Color Laserjet 4500, Serial # JPFAH00081, and files this Objection to the proposed settlement and alleges in support thereof as follows:

### INTRODUCTION

1. The critical and helpful role of objectors in class

litigation has been discussed in detail in case law and by learned commentators. As has been documented repeatedly in case law, the objective of the fairness hearing is to protect the interests of absent class members – not the named parties and their counsel in the case. While the law normally requires notice of a lawsuit and an opportunity for hearing before any person may be bound by a court's judgment, applicable law clearly provides however that in class actions the judgment ". . . whether or not favorable to the class, shall . . . be binding upon all those whom the Court finds to be members of the class." Regardless, the United States Supreme Court has made it clear that due process requires in all class action settlements that objecting Class Members be given sufficient standing so as to participate at the fairness hearing, *Phillips Petroleum Co. v. Shutts, et al*, 472 U.S. 797, 105 S. Ct. 2965 (1985).

2. As noted in *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co.*, 834 F.2d 677, 680-81 (7th Cir. 1987), in a class action, the absentee members of the class may not have even learned of the case until a tentative settlement has been struck on their behalf by the defendant and class counsel. When notice of a proposed settlement and notice of

the class action are sent simultaneously, the absent class members may perceive it as a *fait accompli*. The potential for conflict of interest under these circumstances is substantial and to some extent unavoidable. For these reasons, the role of the objecting class member is critical in assisting the Court in ensuring the fairness of the settlement, even if the objectors are only few in number.

## CLASS COUNSELS' FEES

3. Your Objector opposes the Attorneys' fees to class counsel. In the present case, class members are getting miniscule "benefits" while class counsel expects to reap millions. Addressing this situation, during the last decade, legal scholars have expressed growing concern about the conflicts that may arise between the class and its counsel: "These attorneys are not subject to monitoring by their putative clients, they operate largely according to their own self interests, subject only to whatever constraints might be imposed by bar discipline, judicial oversight, and their own sense of ethics and fiduciary responsibilities." Johnathan R. Macey & Geoffrey P. Miller, The Plaintiffs' Attorney's Role in Class Action and Derivative Litigation, 58 U.CHI.L.REV. 1, 7-8 n.4(1991); see

also John C. Coffee, Jr., <u>Rethinking the Class Action</u>, 62 IND.L.J. 625, 628-29 (1987) (listing several factors that have contributed to "entrepreneurial" class action litigation, including the relatively low cost of filing dubious class action suits, the large amounts Defendants are willing to pay in fees to settle these suits and the incentive for class counsel to invest little time or effort in protecting the absent class members), John C. Coffee, Jr., <u>The Regulation of Entrepreneurial Litigation: Balancing Fairness and Efficiency in the Large Class Action</u>, 54 U.CHI.L.REV. 877, 878, 878-79 (1987) (outlining proposed rule changes that would "manipulate the incentives that the law holds out so as to motivate" class counsel to defend the absent class members as they would any other client). Kenneth W. Dam, <u>Class Actions: Efficiency, Compensation, Deterrence, and Conflict of Interest</u>, 4 J.LEGAL STUD. 47, 61 (1975) (coining the phrase "lawyer-entrepreneur" in reference to class counsel).

    4. Judge Posner, in his Richard A. Posner, <u>An Economic Analysis of Law</u>, at 570 (4th ed. 1992), noted:

> [T]he absence of a real client impairs the incentive of the lawyer for the class to press the suit to a successful conclusion.

> His earnings from the suit are determined by the legal fee he receives rather than the size of the judgment. No one has an economic stake in the size of the judgment except the defendant, who has an interest in minimizing it. The lawyer for the class will be tempted to offer to settle with defendant for a small judgment and a large legal fee, and such an offer will be attractive to the defendant, provided the sum of the two figures is less than the defendant's net expected loss from going to trial. Although the judge must approve the settlement, the lawyers largely control his access to the information- about the merits of the claim, the amount of work done by the lawyer for the class, the likely damages if the case goes to trial, etc. - that is vital to determining the reasonableness of the settlement.

### **OBJECTORS' ROLE**

5. The potential for abuse of the class action procedure points out the importance of the trial court's obligation, with the assistance of objecting class members, to determine that the protective requirements of Rule 23 are met when it approves a class action settlement. While the court generally plays a relatively detached role in most civil proceedings, in a class action the court is the guardian of the class interest. *Weinberger v. Kendrick*, 698vF.2d 61, 69 n. (2d Cir. 1982), cert. denied, 464 U.S. 818, 104 S. Ct. 77, 78 L.Ed. 2d 89 (1983); *In re "Agent*

*Orange" Prod. Liab. Litig.*, 818 F.2d 216, 223 (2d Cir.), cert. denied, 484 U.S. 926, 108 S. Ct. 289, 98 L. Ed. 2d 249 (1987); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 225 (5th Cir. 1981), cert. denied, 456 U.S. 998, 102 S. Ct. 2283, 73 L. 2d 1294 (1982); *Piambino v. Bailey*, 610 F.2d 1306, 1327 (5th Cir.), cert. denied, 449 U.S. 1011, 101 S. Ct. 568, 66 L. Ed. 2d 469 (1980); 2 NEWBERG & CONTE, § 11.41, AT 11-93 TO 11-94, The trial court therefore bears the burden under Rule 23 to police the proceedings to minimize conflicts of interest and, primarily, to protect absent class members:

> The drafters designed the procedural requirements of (class action law) . . . , so that the court can assure, to the greatest extent possible, that the actions are prosecuted on behalf of the actual class members in a way that makes it fair to bind their interest. The rule thus represents a measured response to the issues of how the due process rights of absentee interests can be protected and how absentees' represented status can be reconciled with a litigation system premised on traditional bipolar litigation.

*In re General Motors Corp.*, 55 F.3d at 785.

6. In simplest terms, the critical role of the Court, joined by objectors, with regard to class settlement review

is to act as guardian for absent class members in assuring the settlement is fair, adequate and reasonable. If in fact the settlement is fair, adequate and reasonable in all aspects, the Court, the Defendant and class counsel should welcome the presence of class members who did not participate in the discovery and settlement procedures in their role of further assuring the settlement meets the criteria of applicable law.

7. Typically, however, class counsel and the Defendant do everything possible to minimize the role of any would-be objector. Class counsel and Defendant's counsel must be aware that most individuals in a class settlement cannot afford and will not go to the effort to seek legal counsel even if they are greatly dissatisfied with the proposed settlement. Through these procedures class counsel and Defendant's counsel can totally control the settlement hearing and virtually exclude the Court from hearing class members about any matters that the court might need to consider from the standpoint of the average consumer.

8. The role of objectors therefore in class actions is critical in assuring that the proposed settlement is fair, adequate and reasonable, and even allowing Objectors' counsel

to do additional discovery serves only to benefit the Court in its rigorous analysis. *Castano v. American Tobacco Co.*, 84 F.3d 734. To do otherwise would only benefit the very types of abuses that concern the preeminent legal scholars cited herein who have presented learned studies with regard to the unavoidable conflict of interest between class counsel and absentee members of the class.

9. Furthermore, "when a Court evaluates the settlement of a class action brought on behalf of the individual shareholders or consumers, it should be reluctant to rely heavily on the lack of opposition by alleged Class Members. Such parties typically do not have the time, money or knowledge to safeguard their interests by presenting evidence or advancing arguments objecting to the settlement." *In re General Motors Corp. Engine Interchange Litigation*, 591 F.2d 1106, at 1137 (1979). In the present case, it is expected that the proponents of the settlement will argue that there are relatively few Objectors. This is immaterial. Most class members do the typical thing when they receive a Class Action Notice - they either do not understand the notice or ignore it. The Court is urged not to consider the few Objectors to subject settlement as being supportive that the

settlement should be approved as it is presently submitted.

## COUPON SETTLEMENT FORBIDDEN

10. The potential benefits to class members are illusory and based on a format which is now discouraged by virtually all courts as being grossly unfair and inadequate; i.e., this is nothing more than a promotional or coupon settlement condemned by the Class Action Fairness Act ("CAFA") and all other authority on the subject. See generally Christopher R. Leslie, "A Market Based Approach to Coupon Settlements in Antitrust and Consumer Class Action Litigation", 49 UCLA L. Rev. 991 (2002) [hereinafter "Leslie, Coupon Settlements"].

11. Professor Leslie explained the general dilemma posed by improper coupon-based settlements that are designed to benefit the defendants and class counsel (through exorbitant fees), all to the detriment of class members:

> Class action litigation is supposed to protect members of society by allowing them to aggregate claims that are too small to litigate individually. The class action device insures access to courts for all Americans so that even people with small injuries can receive due compensation. Class action litigation should serve the public good, both by compensating individual class members and by disgorging ill-gotten gains from

> defendants. Unfortunately, the class action vehicle **has been hijacked in many lawsuits**. Defendants take advantage of the class action rules **to eliminate future lawsuits while providing little, or no, meaningful compensation to the class members**. Coupon-based settlements illustrate how defendants have structured class action settlements to maximize the gains for the corporate defendant while minimizing any compensation to the class. Indeed, given the restrictions imposed on settlement coupons, in some cases a coupon-based settlement may actually increase a defendant's net profits.

See Leslie, Coupon Settlements, at 993-94 (emphasis added).

12. Class Counsel and Defendants cannot in good faith deny that the Proposed Settlement is a coupon-based / promotional settlement given the terms of the purported "benefits" to Class Members. Prof. Leslie continues:

> In an effort to facilitate settlements in class action litigation, business defendants and class counsel have structured settlements so that defendants eliminate their legal liability in exchange for issuing coupons to class members **redeemable for savings on a subsequent purchase to the defendants goods or services**. Such a coupon-based settlement exists whenever a defendant pays the plaintiff class members, in whole or in part, with coupons as opposed to cash...Coupon-based settlements take many forms. Such settlements go by several names: in-kind settlements, script settlements, and coupon settlements. Some class action settlements are paid

> exclusively in coupons, while others combine cash and coupons. Settlement coupons may resemble traditional promotional coupons, housing vouchers, or discount contracts. Settlement coupons are sometimes structured as an absolute dollar discount, or as a percentage off of the retail price. In some cases, class members receive coupons that may be redeemable for an amount of cash set lower than the face value of the coupon.

See Leslie, Coupon Settlements, at 993-94 (emphasis added).

13. Class counsel, not knowing the extent of the "take rate", is requesting that this Court approve an exorbitant fee of millions of dollars without any evidence of the actual benefit that will ultimately be received by the class. Said procedure is contrary to current class action practice. *In re Compact Disc Litigation*, 292 F. Supp. 2d 184 (D. Me. 2003).

14. As further stated in, Leslie, Coupon Settlements, at 994-95 (emphasis added):

> Although coupon-based settlements may at first appear to be a reasonable mechanism to compensate class members, coupons are in fact often worthless despite their deceptively high face value. In many cases, the coupons are **laden with restrictions intended to make redemption difficult**. Class counsel do not prevent these value-reducing restrictions in settlement coupons because the attorneys are paid in cash, while judges usually

focus on the face value of the coupons, not the restrictions on their use. Indeed, a coupon settlement may sometimes facilitate or indicate **collusion between the class action defendant and the class counsel**. In many cases, the class counsel appear to sell out the interests of the class in exchange for relatively generous attorneys' fees. While this represents a win-win scenario for the class counsel and the defendant, many class members are left uncompensated.

15. The total value of the settlement is not even specified. Further, Objector contends that the value of the settlement cannot be fairly determined until all benefits have been distributed to the class. For that reason, no attorney fees should be awarded until a value is ascertained based upon what the class actually receives, and any final award of attorney fees should be based on the actual value of benefits received by class members, not some opined purported maximum value supposedly available to class members. *In re Compact Disc Litigation*, 292 F. Supp. 2d 184 (D. Me. 2003).

16. Your Objector adopts any other bona fide objections by other Class Members.

17. Hence, for all the forgoing reasons, Objector respectfully submits that the terms of the Proposed

Settlement are unfair, unjust, unreasonable and inadequate to the absent Class Members.

18. The undersigned hereby serves notice that he expects to attend the hearing and present the position of your Objector, Steve A. Miller, P.C.. Said presentation should take no longer than 20 minutes.

## CONCLUSION

**WHEREFORE,** having demonstrated the unfairness, inadequacy and unreasonableness of the Proposed Settlement, the Objector requests appropriate general relief as follows:

1. That the Court not approve the settlement as proposed.

2. That the attorneys' fees requested be denied.

3. That the Court at a minimum delay final approval of any attorneys fees until the claims process is complete and then only allow such attorneys fees as are fair and reasonable under the circumstances.

4. That the Court enter such other further Orders as may be necessary and just, so as to effect substantial justice in this cause between the parties and the absent Class Members.

Dated: January 4, 2011  Respectfully Submitted,

By: /s/Steve A. Miller
Steve A. Miller

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Objection has been served upon all counsel of record, and to the following, via CM/ECF or separate e-mail on January 4, 2011:

**Settlement Administrator**
HP Laserjet Settlement Administrator
P.O. Box 5270
Portland, OR 97208-5270
Info@HPLaserjetPrinterSettlement.com

**Counsel for the Class**

Richard L. Kellner
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017
rlk@kbklawyers.com

**Counsel for HP**
Kristofor T. Henning
Franco A. Corrado
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
khenning@morganlewis.com
fcorrado@morganlewis.com

/s/Steve A. Miller
Steve A. Miller