Gary W. Sibley
2414 N. Akard Street
Suite 700
Dallas, Texas 75201
214-522-5222
Fax 214-855-7878
Email: g@juris.cc

Representing himself



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| IN RE: HP LASERJET PRINTER LITIGATION | Case No.: SA CV 07-0667 <br><br> Honorable Andrew J. Guilford <br><br> **GARY SIBLEY'S OBJECTION TO PROPOSED SETTLEMENT, OBJECTION TO ATTORNEYS' FEES REQUEST, NOTICE OF INTENTION TO APPEAR, AND REQUEST TO SPEAK AT THE HEARING** <br><br> Date: January 31, 2011 <br> Time: 10:00 a.m. <br> Dept.: 10D |

To The Honorable District Judge:

Comes now Gary W. Sibley ("Objector"), and files these Objections to the Proposed Settlement, Objection to Attorneys' Fees, Notice of Intent to Appear and Request to Speak at the Hearing, and would show as follows:

**1. Objector is a class member**

By his signature below, Objector declares under penalty of perjury under the laws of the United States of America and California that the following statements are true and correct:

(a) I am a member of the class.
(b) I purchased an HP Color LaserJet 2840 Serial Number CNHCGDC08K on February 27, 2007, a copy of the invoice/order is attached as Exhibit "1."
(c) I object to the Settlement.
(d) The class here is defined as:

> All individuals or entity end users who purchased, leased, received as a gift or otherwise acquired in the United States an Affected Model. Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of HP or its subsidiaries and affiliated companies, as well as the Court and its immediate family and staff.

*Settlement Agreement*, p. 9 § 23.

End of statement.

**2. Notice of Intention to Appear and Request to Speak at the Hearing**

Objector intends to appear at the hearing. Objector requests that he be allowed to appear at the final approval hearing to talk about these objections and to otherwise participate in the final approval hearing.

**3. Objections to the Settlement**

This is a coupon settlement, and a bad one at that.[1] The coupons are referred to as "e-credits cert." to make them sound better somehow. The e-credits as described in paragraphs 34 and 36 of the Settlement Agreement shall have the following characteristics:

(a) They will be non-transferable except to members of the immediate family of the certificate-holder;
(b) They cannot be used in combination with other rebates or coupons for HP products;
(c) Only one e-credit may be used per purchaser order;
(d) An e-credit may be used only once;
(e) E-credits received for multiple different printers are not "stackable" and will not be combined into a single e-credit.[2]

This is exactly the type of settlement to which Congress referred when it passed the Class Action Fairness Act of 2005:

> Congress finds the following: ... Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where-- counsel are awarded large fees, while leaving class members with coupons ... .

CLASS ACTION FAIRNESS ACT OF 2005, PUB. L. 109-2, FEB. 18, 2005, 119 STAT. 4. That is exactly the proposed settlement here: class members get coupons, class counsel gets $2,750,000 in fees and expenses, and the class representatives get $3,500 total for their role.

---

[1] An e-credit is virtually the same as a coupon.
[2] *Settlement Agreement*, p. 16 § 37(a) - (e).

The settlement is not fair, reasonable, or adequate, and Objector objects to the proposed settlement, for the following reasons.

First, there is no rationale for requiring class members to go on-line to use the coupons, other than to advance HP's marketing strategy to get customers into their on-line store in the hope of selling them more merchandise. It is unfair and unreasonable to prohibit class members from redeeming their coupons at any retail outlet selling HP products.

Second, there is no reasonable rationale for the expiration of the coupons. The waiver class members provide to Defendant does not expire, so neither should the consideration class members receive expire. Given the time value of money, the value of the certificate goes down the longer the class member holds it, so Defendant would not be harmed. Since class members are permanently losing their rights, they should be allowed to use the certificate when they are ready to make a purchase and not within the artificial time limits set by the settling parties.

Third, the structure of the settlement is essentially a sales promotion that benefits Defendant at the expense of class members' rights. To the extent class members do not use the certificates, Defendant benefits because it avoids liability on the waived claims. To the extent class members use the certificates, Defendant benefits from the extra sales – and perhaps even more sales once class members go into the on-line store and are now fair game. Thus, the settlement is structured to benefit Defendant, as well as Class Counsel, at the expense of class members who lose their rights against Defendant.

Fourth, the fact that the coupons are not transferable[3] further shows the intent is to benefit Defendant's sales, rather than benefit class members. It is not reasonable for a coupon settlement to prohibit transfers of the coupons.

Fifth, the proposed incentive awards to the class representatives are unreasonably high and create a conflict for their adequate representation of the class. They are more inclined to leave class members with mere coupons if they obtain a hefty payoff, and they recover even more under the settlement than they would ever be entitled to under the statute. Incentive awards must not give special treatment to named Plaintiffs; they are intended solely to compensate them for the time and risk they incur in bringing a lawsuit on behalf of the class. Here there is no showing that the proposed incentive awards are even close to a reasonable compensation for the time and risk the Plaintiffs incurred.

Sixth, the amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable. The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate. The requested amounts are excessive here and show that this is exactly the type of settlement Congress criticizes, where class counsel get huge fees and the class gets coupons.

---

[3] except to family members

## 4. Objections to the Fee Petition

Objector objects to the request for fees to Class Counsel. Objector reserves the right to file objections to the fee petition at a later date.

However, objector expressly objects to an award of attorneys fees that exceeds 1/4 of the value to class members of the coupons that are redeemed:

> If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed.

28 U.S.C.A. § 1712 (a). Thus, as a matter of law, attorneys' fees here may not exceed a reasonable percentage, which objector contends is 25% of the value of the coupons actually redeemed.

## 5. Injunctive Relief

As class counsel notes in the Fee Motion,[4] the settlement obtained very little monetary relief to the class members. The supposed benefit to the class is in the form of Injunctive Relief. In the Injunction, HP does no more than agree to follow current law and not misrepresent its services as required of HP under current law.

The Court should consider six factors when considering injunctive relief settlement as follows:

    (1)    How much is the injunction worth to the class as a practical matter?
    (2)    What is the dollar value the relief might yield?
    (3)    What is the real cost to HP?
    (4)    Does the injunction do anything other than restate the obligation that HP has under existing law?
    (5)    Is the class being asked to give up valuable economic damage claims?

Objector submits that the answers to the questions listed above are:

    (1)    Very little.
    (2)    Very little.
    (3)    Not much.
    (4)    No.
    (5)    Yes.

---

[4] Document 221, p. 2

Considering what the class is being asked to give up, and what little benefit the class will receive, the Court should reject the proposed settlement.

The Court should reject the settlement as the only parties to receive any benefit are Class Counsel or alternatively the Court should reduce substantially the requested award of attorneys' fees.

WHEREFORE, Objector prays that the Court deny the proposed settlement, deny certification of the settlement class, deny the requested fees to Class Counsel and grant Objector such other and further relief as to which Objector may be entitled.

*Gary W Sibley*
Gary W. Sibley
2414 N. Akard Street
Suite 700
Dallas, Texas 75201
214-522-5222  FAX 214-855-7878
Email: g@juris.cc

Dated: December 28, 2010.

## Certificate of Service

I hereby certify that a copy of the above and foregoing document has been served upon the following by U.S. Mail, postage prepaid and e-mail on December 28, 2010.

Clerk, U.S. District Court
Central District of California
411 W. Fourth Street, Room 1053
Santa Ana, CA 92701

HP LaserJet Printer Litigation
Settlement Administrator
O. O. Box 5270
Portland, OR 97208
FAX: (877) 341-4607
info@HPLaserJetPrinterSettlement.com

Richard L. Kellner
Kabateck Brown Kellner, LLP
644 S. Figueroa Street
Los Angeles, CA 90017
rlk@kbklawyers.com

Kristofor T. Henning
Franco A. Corrado
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
khenning@morganlewis.com
fcorrado@morganlewis.com

*/s/ Gary W. Sibley*
Gary W. Sibley

EXHIBIT "1"

Gary W. Sibley's Objection to Proposed Settlement,
Objection to Attorneys' Fees Request, Notice of
Intent to Appear and Request to Speak at the Hearing

**Debbie Adelman**

From: &lt;stacey.dahlen@hp.com&gt;
To: &lt;dea@juris.cc&gt;
Sent: Tuesday, February 20, 2007 10:15 AM
Subject: HP's Small & Medium Business Online Store Order #2560921



**Stacey Dahlen**
**Thanks for choosing HP!stacey.dahlen@hp.com**
--
--

## HP's Small & Medium Business Order Confirmation

**Estimated Ship Date: 2/21/2007.**[3]

**Order Number: 2560921**
**Customer Number: 3661759**

| Summary | Quantity | Unit price | sales price |
|---|---|---|---|
| **HP Color LaserJet 2840 all-in-one** | 1 | $749.00 | $749.00 |

HP Color LaserJet 2840 all-in-one
Color copying, scanning, printing, direct digital photo printing, and black-and-white faxing
Fax cable, Imaging drum, Black print cartridge, Color LaserJet 4,000-page cyan, magenta, and yellow print cartridges, power cord, Getting Started Guide/flyer, device software, User Guide, Read Iris® Pro Text Recognition software, ADF, 250-sheet input tray
HP Color LaserJet cyan, magenta, and yellow print cartridges (estimated 4,000 pages)*
*Approximate page yield based on 5% page coverage.
Up to 20 ppm
Up to 4 ppm
Manual (driver support provided)
Up to 375 / Up to 375
3 sec per page (Slerexe page, standard resolution)
300 x 300 dpi
Compact Flash® Type I and Type II, xD-Picture card™, Secure Digital, Memory Stick®, Memory Stick Pro®, SmartMedia, MultiMedia Card
Hi-Speed USB 2.0 port, built-in HP Jetdirect Fast Ethernet wired networking
125-sheet multipurpose tray, 250-sheet input tray, 50-sheet automatic document feeder 125-sheet face down bin, rear output door for special media
NA

Subtotal:   $749.00[1]

Exh. 1

2/20/2007

|  |  |
|---|---|
| (Estimated) Tax: | $69.05 [2] |
| (EG3) Shipping and handling: | $88.00 |
| **Total:** | $906.05 |

[1] HP is not liable for pricing errors. If you place an order for a product that was incorrectly priced, we will cancel your order and credit you for any charges. In the event that we inadvertently ship an order based on a pricing error, we will issue a revised invoice to you for the correct price and contact you to obtain your authorization for the additional charge, or assist you with return of the product. If the pricing error results in an overcharge to you, HP will credit your account for the amount overcharged.

[2] Tax shown is an estimate - precise tax calculation will take place upon order processing.

[3] HP is not responsible for delays outside of our immediate control, including delays related to order processing or unexpected increase in demand. Typically only orders paid for by credit card receive credit approval on the same day the order is placed. Orders delayed due to order processing will default to an Estimated Ship Date 30 days from the date credit is processed and the order is released. Estimated Ship Dates are based on any known extended lead times.

| **Shipping information** | **Billing information** |
|---|---|
| G. W. Sibley | G. W. Sibley |
| 2414 North Akard | 2414 North Akard |
| #500 | #500 |
| Dallas | Dallas |
| TX,75201 | TX,75201 |
| (214) 522-5222   (day) | (214) 522-5222   (day) |
| dea@juris.cc | |

2/20/2007

```
                              SHP0685.TXT
Your order has been shipped.  Please contact your Client Services
representative if you have any questions.

If the content of this Email does not appear to be formatted properly,
please view the body of this Email using a fixed width font,
like courier.

PO#             2560921
Order#          22349316
Order Date      2/20/2007
Shipped Date    2/20/2007
Written By      DPLUS
Ship To: G. W. SIBLEY
         2414 NORTH AKARD #500

         DALLAS, TX 75201
         SIBLEY FIRM


 Item#      Mfg Part#/Description                            Shipped    B/O
 -------    ------------------------------------------       -------   -------
 5341784    HP Color LaserJet 2840 AiO Printe                   1
            Q3950A#ABA
   Tracking#: 16602100                            Carrier: EGL  Service: VF3
      Serial#: CNHC6DC08K
0
```

Page 1