THEODORE H. FRANK (SBN 196332)
    tedfrank@gmail.com
1718 M Street NW
No. 236
Washington, DC 20036
(703) 203-3848

*In pro per*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re: HP LASERJET PRINTER LITIGATION | Case No. 8:07-cv-00667-AG-RNB |
| | **CLASS ACTION** |
| Theodore H. Frank, | **REPLY IN SUPPORT OF OBJECTION AND OPPOSITION TO MOTION FOR FINAL APPROVAL** |
| *Objector.* | Judge:    Hon. Andrew J. Guilford<br>Date:     January 31, 2011<br>Time:     10:00 a.m.<br>Courtroom: 10D |

In his objection,[1] Frank identified four controlling cases that demonstrated that this coupon settlement—which impermissibly serves as a "marketing program" that benefits HP and class counsel more than the class—could not be approved as a matter of law, even before the Class Action Fairness Act adopted standards requiring additional scrutiny of coupon settlements. *Synfuel Tech. v. DHL Indus., Inc.*, 463 F.3d 646 (7th Cir. 2006); *In re General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995); *Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292 (S.D. Fla. 2007); *True v. American Honda Motor Co.,* No. CV 07-287, 2010 WL 707338 (C.D. Cal. Feb. 26, 2010). All of these cases, like this one, involved coupon settlements with injunctive relief; some, like this one, involved settling parties trying to mislead the court that their "vouchers" or "rebates" were not "coupons" because they called the coupons by a different name (here, "e-credits"). Remarkably, the settling parties have submitted three briefs totaling seventy pages in support of final approval and against the objections, but have not mentioned these cases ***once***, much less tried to distinguish them or explain why they are not controlling here.

Plaintiffs' claim that the coupons are not coupons is sanctionably frivolous. The "e-credits" share the central characteristic of all coupons: recipients must purchase another product in order to redeem value from the options. *Synfuel*, 463 F.3d at 654 ("a discount on a proposed purchase" is a coupon); *Fleury v. Richemont North Am., Inc.*, No. C-05-

---

[1] The plaintiffs complain that Frank's objection (attached as Exhibits 1-3) mirrors his objection in *In re HP Inkjet Printer Litigation*. Docket No. 231 at 28. That is hardly a surprise, given that the untenable settlement here mirrors the untenable settlement in *Inkjet*: same impermissible coupon structure that serves as a marketing program for the defendant; same illusory injunctive relief that fails the *Syntech* and *True* tests; similarly disproportionate attorneys' fees; same classwide notice for the same defendant; and even overlapping lead class counsel scheduling fairness hearings three days apart. The plaintiffs identify nothing about this settlement that makes it superior to (or even legally materially different from) the settlement in *Inkjet*. Plaintiffs' claim that the Frank objection does not "set[] forth in any detail what the objection is about" is false on its face. *See* Exhibit 1 at 1; Exhibit 2.

4525 EMC, 2008 WL 3287154, at *2 (N.D. Cal. Aug. 6, 2008) (a coupon settlement is one where the relief constitutes "a discount on another product or service offered by the defendant in the lawsuit") (cited by plaintiffs). *Accord True,* 2010 WL 707338 at *11; Christopher R. Leslie, *The Need to Study Coupon Settlements in Class Action Litigation*, 18 GEO. J. LEGAL ETHICS 1395, 1396 (2005). The e-credits are not fungible like cash; they are indistinguishable from coupons. Indeed, ¶ 37(b) of the Settlement states that the e-credits cannot be used in conjunction with "other rebates or coupons"; the parties understood perfectly well that the e-credits were a type of coupon, or they would not have used the modifier "other." The e-credits are so obviously coupons that co-lead counsel in *Inkjet*, Steven Berk, wrote an article for a trial-lawyer newsletter where he called the e-credits "a new term for the much maligned coupon." Steven Berk, "Reform from Within: Changing the Paradigm of Class Action Litigation," AAJ CLASS ACTION LIT. NEWSLETTER 9, 12 (Spring 2010). The fact that plaintiffs have to resort to this laughable argument demonstrates their understanding that this settlement cannot survive judicial scrutiny if it is correctly categorized as a coupon settlement. As the initial objection showed and the settling parties do not even attempt to rebut, the coupons are worthless to consumers who will face higher prices, even using the coupons, at HP.com than they would face shopping elsewhere.

This is a consumer fraud case, and as such, prospective injunctive relief is not a benefit to the class. No changes in future HP disclosures will benefit consumers who were already misled by previous HP statements. *True*, 2010 WL 707338 at *19 ("No changes to future advertising by Honda will benefit those who already were misled by Honda's representations regarding fuel economy"). *Cf. also Figueroa*, 517 F. Supp. 2d at 1306, 1316, 1328-29 (rejecting coupon settlement despite settling parties' claim that prospective injunctive relief requiring changes in advertising would benefit the class). "The fairness of the settlement must be evaluated primarily based on how it compensates class members for these past injuries." *Synfuel*, 463 F.3d at 654. Rather than addressing any of these

cases, the plaintiffs wave their hands and ask the court to simply count the prospective injunctive relief as a benefit, contrary to precedent.

Rather than address the merits of the objection, the defendants impermissibly ask the court to disregard an objection that was filed with the settlement administrator according to the procedures set out in the notice—like over 90% of the objections filed in this case. Ironically, even as plaintiffs bring a class action for consumer fraud over misleading communications that affected a small percentage of the class, they issued a notice that confused over 90% of the objectors, including several represented by counsel. The class notice "FAQ" told objectors to email their objections to the settlement administrator and the settling parties' lead attorneys. But now the settling parties are taking the position that class members who followed the instructions in the class notice but did not formally file their objections with the Court have waived their objections. Plaintiffs have the gall to cherry-pick a handful of objectors they persuaded to withdraw their objections, and parade those withdrawals before the court (Docket No. 231-1 Exs. A through C), while hiding the substantive objections made by dozens of other class members (and hundreds of such class members in the related *Inkjet* case).

The settlement notice was sufficiently confusing that several experienced attorneys filed their objections with the settlement administrator, not once thinking that their doing so waived valuable legal rights. As such, the settlement notice failed to comply with constitutional and Ninth Circuit requirements of due process. Before the court can approve any settlement, the parties must cure the defective notice either by issuing new notice, or by treating the dozens of objections filed with the settlement administrator as appropriately filed with this Court.

As a substantive matter, there is no reason for the Court to refuse to consider the objections filed with the settlement administrator. The settling parties have suffered no prejudice from the objectors who followed the instructions in the notice; indeed, the plaintiffs make a swipe of an attempt at addressing Frank's objections in their brief, though they do this by mischaracterizing Frank's arguments. Docket No. 231 at 28-29; *cf.*

*also* Docket No. 232 (responding to similarly-filed Young and Vlastone objections). But, more importantly, this Court owes an ***independent*** fiduciary duty to the unnamed class members, including those who filed objections with the settlement administrator, and an independent fiduciary duty to get the Rule 23(e) decision correct. *Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 23 (2d Cir. 1987) (district court has "a fiduciary duty to the silent class members"); *accord In re Washington Pub. Power Supply Sys. Sec. Lit.*, 19 F.3d 1291, 1302 (9th Cir. 1994). Even if the objectors' objections are "stricken," the legal precedents cited in the Frank brief do not go away: it would be reversible error to ignore those precedents. The Frank objection acts as an aid to the Court in making its Rule 23(e) decision. Because the Court's obligation is to get this decision ***correct***, striking the objection accomplishes nothing: the precedents exist and the Court is obligated to follow them.

Frank cited numerous cases demonstrating that the silence of class members cannot be interpreted as support for the settlement. *E.g., General Motors Corp. Pickup Truck*, *supra*. The settling parties ignore that argument entirely, and simply assert, contrary to evidence and case law, that the silence of class members is support for the settlement. The fact that the parties feel they need to try to hide dozens of objections from this court by creating a confusing technical bar to objecting demonstrates otherwise.

## CONCLUSION

This is a coupon settlement, and cannot be approved as fair to the class, especially given the sad history of redemption rates for coupons in class action settlements, and especially given the failure of the parties to address the cases directly on point requiring rejection of the settlement. The recovery of the attorneys will almost certainly outstrip the recovery of the class. The Putative Class Attorneys' actions should be deterred, rather than rewarded; the court should reject the settlement as failing to comply with the requirements of Rule 23(a)(4) and Rule 23(e).

The parties' issuance of a confusing notice in an attempt to prevent this court from hearing objectors is appalling. The court should either require new notice and a full and

fair opportunity to object, or cure the defect in the notice by considering the objections filed with the settlement administrator filed with the court and require the settling parties to disclose these to the Court. In any event, the Court is obliged to consider the precedents cited in those objections.

As stated in his original objection, Frank will appear at the fairness hearing.

Dated: January 22, 2011

> Respectfully submitted,
>
> */s/ Theodore H. Frank*
> Theodore H. Frank
> 1718 M Street NW, No. 236
> Washington, DC 20036
> (703) 203-3848
> *In pro per*