

Ted Frank <tfrank@gmail.com>

# In re: HP LaserJet Printer Litigation Settlement, Case No. CV 07-0667 AG (C.D. Cal.)

**Ted Frank <tfrank@gmail.com>**                                    Tue, Jan 4, 2011 at 3:28 AM
To: Richard Kellner <rlk@kbklawyers.com>, info@hplaserjetprintersettlement.com, Khenning@morganlewis.com, Fcorrado@morganlewis.com
Cc: Michael Vlastone <vlastone@mac.com>, "Timothy P. Rumberger" <tim@rumbergerlaw.com>
Bcc: Daniel Greenberg <DnGrnbrg@gmail.com>

To the Settlement Administrator, Messrs. Kellner, Henning, and Corrado:

My name is Theodore H. Frank; my business address is 1718 M Street, NW, No. 236, Washington, DC 20036, and my business phone is (703) 203-3848. I purchased a HP Color LaserJet 2550L Printer in 2010; I am thus a member of the *Baggett* class. This settlement is materially similar to the settlement in *In re HP Inkjet Litigation*, No. C05-3580 JF (N.D. Cal.), where I also filed an objection on behalf of myself (Docket No. 263 and Docket No. 264). Though the facts are slightly different in this litigation than in *Inkjet*, the differences are legally immaterial; I hereby object to this settlement based on the reasoning and legal precedents presented in that filing, which I attach. In particular, the parties misrepresent the class compensation of "e-credits" as something other than a coupon settlement; the prospective injunctive relief is not properly construed as a class benefit; the coupons in this case should not be valued at face value; and the request for attorneys' fees is both disproportionate to the class benefit and fails to comply with the Class Action Fairness Act's requirements for coupon settlements. I intend to appear at the January 31 fairness hearing, and reserve the right to cross-examine any witness who appears to testify in support of the settlement.

I also write to draw the parties' attention to an issue unique to this case, but is not a ground for my objection. Shortly after midnight January 4, someone claiming to be the class representative in the *Young v. HP* litigation emailed me and indicated that he did not approve of the settlement.

A little background is necessary. On December 11, Michael Vlastone contacted me about possible representation to object to the settlement in this class action. I informed him that I was a member of both the Inkjet and LaserJet classes, and planned to file objections in both cases, but the nature of his objection meant that it was not appropriate for my non-profit to represent him or the class member with whom he was working. In a series of emails and telephone conversations over the next three weeks, I did provide Mr. Vlastone with sample briefs from previous Center for Class Action Fairness objections; a December 27 draft of the *Inkjet* brief; informal feedback on his draft objections; and the positions and strategy likely to be taken by class counsel in Mr. Vlastone's meetings with them and in response to Mr. Vlastone's proposed objection. Mr. Vlastone and I discussed the possibility of sharing costs in the contingent event of an appeal, but had no formal relationship in the case.

On January 3, at about 3:56 PM Eastern, Mr. Vlastone left me a voice-mail asking me to call him. On that subsequent phone call, at about 4:44 PM Eastern, Mr. Vlastone told me that he was in contact with Mr. Young, the lead plaintiff in the *Young* case; I immediately interrupted Mr. Vlastone and told him that I could not be involved in any communications with Mr. Young, who was a represented party, and that he was not to tell me any substance of his communications with Mr. Young. While I agreed with Mr. Vlastone that the ethics rules did not prohibit me from being in communication with Mr. Vlastone about Mr. Young's opinions about the case and his representation, I told Mr. Vlastone that I wanted there to be absolutely no question about my compliance with the rules, and did not want to be involved in any dealings with Mr. Young. Mr. Vlastone changed the subject, and we discussed how he could formally join my objection without my representing him. The phone call lasted four minutes.

Notwithstanding my January 3 conversation with Mr. Vlastone, shortly after midnight tonight, January 4, I received an email from someone claiming to be James C. "Chris" Young of Harrisburg, Pennsylvania, the lead plaintiff and class representative in the *Young* case. Mr. Young's email stated that Mr. Vlastone had referred me to him and that, for a long list of reasons, he hoped to dismiss his attorneys and retain me. I immediately wrote Mr. Young back and told him that I

could not speak with him until I had either his attorney's permission or until there was a court filing formally dismissing his attorneys, and asked him not to contact me further until then.

I did not ask or authorize Mr. Vlastone to have or recommend Mr. Young contact me; Mr. Vlastone does not work for me, I do not work for or represent him, and he is not my agent or partner. To avoid any further complication, I will not have any further private communications with Mr. Vlastone or Timothy Rumberger until after final judgment issues in this case, Mr. Young formally dismisses his current attorneys, or until I obtain class counsel's permission to speak with Mr. Young.

To further avoid any complication or accusation of conflict of interest, I hereby disclaim any interest or right to attorneys' fees or other payment relating to my objection in this case through court order or future settlement. I will not agree to represent Mr. Young under any circumstances.

I also wish to make clear that my objection is entirely independent of and orthogonal to any factual claim Mr. Young is making regarding his attorneys' representation of him.

Please note that all of these steps that I am taking are voluntary, and meant solely to prevent any question about impropriety. California Rule of Professional Conduct 2-100 does not actually prohibit me from speaking with Mr. Young, because I do not represent a client in this case, I had not yet made an appearance in this case when Mr. Young contacted me, and the Rule does not prohibit *parties* from talking to one another. See *id.* at Discussion Note 2. *Accord* D.C. Rule of Professional Conduct 4.2.

The nature of Mr. Young's email suggested that he believed the email would be confidential, so I will not disclose it without a court order; I will bring several copies of the email (and my response) to the January 31 fairness hearing so that the court may, if it chooses, conduct *in camera* review of the email and determine whether it is subject to the privilege. I do not object to any such *in camera* review, but will not seek to put Mr. Young's email before the court unless the parties request it. Of course, Mr. Young can choose to waive any privilege and disclose the emails to you (or the court) voluntarily.

Mr. Kellner:

Please advise how you believe it best to proceed further, or if you believe I need to take any additional steps to comply with my ethical obligations.

Please also advise whether you still represent Mr. Young. If so, please advise if Mr. Young will be appearing at the Fairness Hearing.

Please contact me if you have any questions,

Theodore H. Frank

---

**2 attachments**


**hpink.263.frank objection.pdf**
134K


**hpink.264.frank declaration.pdf**
327K