KABATECK BROWN KELLNER LLP
BRIAN S. KABATECK, SBN 152054
(bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 1714146
(rlk@kbklawyers.com)
644 South Figueroa Street
Los Angeles, CA 90017
Tel: (213) 217-5000
Fax: (213) 217-5010

CHITWOOD HARLEY HARNES LLP
GREGORY E. KELLER (admitted *Pro Hac Vice*)
(gkeller@chitwoodlaw.com)
DARREN T. KAPLAN (admitted *Pro Hac Vice*)
(dtkaplan@chitwoodlaw.com)
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 876-4476

Attorneys for Plaintiffs and
the Preliminarily Certified Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| In re: HP LASER PRINTER LITIGATION | CASE NO. SA CV 07-0667 |
|---|---|
| | HON. ANDREW J. GUILFORD |
| | **PLAINTIFF AND CLASS REPRESENTATIVE KELSEA BAGGETT'S SUPPLEMENTAL ARGUMENTS IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT** |

– 1 –

## Memorandum of Points and Authorities

### I.    Introduction

Plaintiff and class representative Kelsea Baggett respectfully submits this supplemental memorandum in order to address two issues raised at the final fairness hearing: (a) objector Ted Frank's contention that the settlement should not be finally approved because it provides for prospective injunctive relief that he claims will not benefit class members; and (b) the documentation of Class Counsel's rates and the hours spent by the individual attorneys in support of the request for fees.

### II.    Ted Frank's Contention That A Class Settlement Cannot Be Finally Approved In A Consumer Case Where The Primary Relief Is Prospective Injunctive Relief Is Without Merit And Not Supported By The Cases That He Cites As Being "Directly On Point."

Mr. Frank contends "[t]his is a consumer fraud case, and as such, prospective injunctive relief is not a benefit to the class." [Document 233, p. 2:19-20].   Mr. Frank's broad representation of the law is not only counterintuitive, it is belied by the case that Mr. Frank incorrectly represents is "directly on point" -- *True v. American Honda Motor Co.*, _____ F.Supp.2d ____, 2010 WL 707338 (C.D. Cal., February 26, 2010).

In *True v. American Honda Motor Co.*, *supra*, the plaintiffs alleged that consumers were deceived into purchasing certain Honda "hybrid" motor vehicles based upon false and misleading representations regarding the fuel economy of the cars.  Pursuant to the terms of the settlement, class members were given coupons ranging from $500 to $1,000 for the purchase of a new Honda vehicle within 12 months of the settlement.  In addition, Honda agreed to review its prospective advertisement and modify the disclaimer language from "actual mileage may vary" to "actual mileage will vary."  Significantly, the plaintiff and objectors both agreed that the injunctive relief was not a source of any value to class members. *True v. American Honda Motor Co.*, 2010 707338 at *19.  This critical part of the court's ruling is not mentioned by Mr. Frank.

1       The court in *True v. American Honda Motor Co.* did not enunciate a rule that in

2   consumer fraud cases, "prospective relief is not a benefit to the class." To the contrary,

3   the court stated that its ruling was specifically based upon the product involved in *True v.*

4   *American Honda Motor Co.* - a one-time purchase (an automobile) and the transaction

5   could not be "undone" or affected by subsequent disclosures. As the court ruled:

6       . . . The Court is inclined to agree with Plaintiffs and the

7       Objectors that the injunctive relief is of minor, if any, value. **This is**

8       **largely a byproduct of the nature of Plaintiffs' claims, though.** No

9       changes to future advertising by Honda will benefit those who already

10       were misled by Honda's representations regarding fuel economy. In

11       addition, due to regulatory changes by the Environmental Protection

12       Agency, Honda has already substantially lowered the fuel economy

13       estimates it uses in marketing and other customer communications.

14   (*Id.*, at *19)(emphasis supplied).

15       Mr. Frank's brief makes no mention of this aspect of the *True v. American Honda*

16   *Motor Co.* ruling.

17       In stark contrast, the products in question in this case are HP color laserjet toner

18   <u>cartridges</u> – which are purchased by class members on an on-going basis for as long as

19   they own their printers. Accordingly, for class members in the *Young* class, the

20   injunctive relief specifically informs them that they can use an "override" to gain access

21   to the new toner cartridges that they have purchased – providing these class members

22   with a tangible benefit that they would not have had "but for" the injunctive relief. For

23   class members in the *Baggett* class, they will be able to make an informed decision

24   whether or not to purchase replacement cartridges in the future based upon the disclosure

25   that their printers could have toner remaining in them at shutdown – and that other HP

26   printers allow for an override. Thus, for all class members, the injunctive relief directly

27

28

1   impacts the products that are the subject of the class action – which class members

2   continue to purchase. [1]

3        This, of course, is in direct contrast to the products being purchased in the *True v.*

4   *American Honda Co.*, an automobile.  As the *True* court recognized, the value of the

5   injunctive relief is a byproduct of the plaintiff's claims.

6        The *True v. American Honda Co.* case is also distinguishable based upon the

7   Court's perceived analysis of the potential strength of the case.  In that case, the court

8   determined that the perceived weaknesses enunciated by the parties were specific to the

9   class representatives, and not to the entire case, as it is here.   The Court ruled, "[t]he

10  situation is thus different from one where there are weaknesses in the legal theory

11  underlying an entire class's claims." *Id. a*t *13.  This critical aspect of the *True* court's

12  ruling is not mentioned by Mr. Frank.

13       Here, the perceived weaknesses in Plaintiffs' case is the legal theory of whether

14  HP has an obligation to provide anything more than the specific yield promised, based

15  upon 5% coverage.  Of course, unlike the *True v. American Honda Co.* case, this Court

16  has substantively ruled that the Plaintiffs' theories based upon other representations and

17  omissions are not legally tenable.

18       Similarly, in *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646

19  (7th Cir. 2006), the plaintiff claimed that DHL was improperly charging customers a

20  default five pound rate if they failed to identify the weight of their packages.  The Court

21  recognized that individuals who were so charged would largely find out (the hard way)

22  about this practice.  Accordingly, the Court held that the injunctive relief portion of the

23

24  [1]    The additional benefit provided from this action, namely that HP's printers

25  presently in development, will employ "print-to-fade" technology, is one that will inure
    to the benefit a large portion of the class since they will have to eventually purchase new

26  printers.  Thus, the changes in HP's business practices brought about by the settlement
    will provide actual benefits to class members. *See Vizcaino v. Microsoft Corp.*, 290 F.3d

27  1043, 1049 (9th Cir. 2002) ("Incidental or non-monetary benefits conferred by the

28  litigation are a relevant circumstance" in determining a fee award.)

– 4 –

**PLAINTIFF AND CLASS REPRESENTATIVE KELSEA BAGGETT'S SUPPLEMETNAL ARGUMENTS IN SUPPORT OF FINAL APRROVAL OF CLASS SETTLEMENT (CASE NO. CV-07-0667 AG)**

1  settlement (requiring drivers to weigh the actual weight of the package) would not

2  provide current class members with any benefit because class members already had

3  necessarily discovered the problem.  In the words of the Court:

4              The value of these operational changes must also be discounted

5              to account for the fact that at least some, if not most, class members

6              will not fail to record the weight of their packages in the future.  It is

7              future customers who will reap most of the benefit from these changes.

8  *Id.* at p. 654.

9       Mr. Frank fails to mention this critical aspect of the *Synfuel* decision.[2]

10       Here, in stark contrast, HP class members (defined as owners of specific HP color

11  laserjet printers) are alleged to not know: (a) that the *Baggett* printers have a hardstop that

12  prevents them from using toner that remains in the cartridges at the time that they are told

13  that the cartridges are "empty"; and (b) that the *Young* printers have an "override" that

14  allows them to gain full access to the toner that remains in the cartridges at the time they

15  are told that the cartridges are empty.  Further, the entire purpose of the injunctive relief

16  is to advise class members of a latent, hidden fact – that *Young* class members can gain

17  access to toner through the use of an "override" and *Baggett* class members purchase

18  toner cartridges that have toner in them at the time of shutdown.  Thus, the injunctive

19  relief directly and exclusively affects the class members in this action – who will receive

20  (in contrast to the class members in *Synfuel*) a tangible benefit from the injunctive relief.

21       In *Figueroa v. Sharper Image Corp.*, 517 F.Supp.2d 1292, 1326 (S.D. Fla. 2007),

22  the court determined that the plaintiffs had a strong likelihood of succeeding at trial on

23  some of their causes of action – placing that class action in an entirely different category

24  than this case.   It is strange that in his supplemental papers, Ted Frank responded to the

25  Court's inquiry of whether the cited cases involved a situation where summary judgment

26  ─────────────────

27  [2]    Mr. Frank also fails to mention that the Ninth Circuit specifically rejected the rigid approach taken by the *Synfuel* Court in evaluating settlements. *Rodriguez v. West Publ.*

28  *Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

1  was granted *without mentioning the fact that the Court in Figueroa noted that there*
2  *was a strong likelihood of success by the plaintiffs at trial:*

3          The Court suggested that this case might be distinguishable
4          because summary judgment had already been granted.  While none of
5          the four cases involved a post-loss settlement, *Figueroa* did present the
6          scenario of a defendant threatening bankruptcy and extinguishing the
7          plaintiffs' claims without recovery.
8  (Frank Supplemental Brief, p. 1:16-19).

9      The *Figueroa* case is further distinguishable by the fact that class counsel settled
10  the case before any real discovery had been conducted – and "[t]hey had insufficient
11  information available to adequately evaluate the merits of the case and weigh the benefits
12  of settlement against further litigation." *Figueroa v. Sharper Image Corp.*, 517 F.Supp.2d
13  at 1329.

14      In sum, Mr. Frank's representations regarding the case law that supports his
15  contention that "[t]his is a consumer fraud case, and as such, prospective injunctive relief
16  is not a benefit to the class" are without merit.  As even Mr. Frank acknowledges, there
17  are circumstances when prospective injunctive relief can support, on its own, the final
18  approval of a settlement.  (*See* Frank Supplemental Brief, p. 3:22-23).  Here, the
19  injunctive relief does provide a tangible benefit to class members, justifying the final
20  approval of the settlement in light of the totality of the circumstances.

21  **III.**   **Class Counsel Has Provided The Court With Documentation Of Class**
22        **Counsel's Rates And The Hours Spent By The Individual Attorneys**

23      At oral argument, the Court asked whether Class Counsel had provided the Court
24  with the hours performed by the attorneys and their hourly rates.   Even though Class
25  Counsel provided this documentation at the hearing, an additional copy of the supporting
26  declarations and the hourly rate charts are attached hereto for the Court's consideration.
27  (*See* Declaration of Richard L. Kellner, Exhibits A through E.)

28

– 6 –

1    Thus, for all the foregoing reasons and those previously submitted to the Court,

2  Plaintiff Kelsea Baggett requests that the Court grant final approval to the proposed

3  settlement, award Class Counsel the requested attorneys' fees, award the requested

4  incentive payment and grant such other and further relief as the Court deems just and

5  proper.

6

7  Dated: February 22, 2011                    KABATECK BROWN KELLNER, LLP

8

9

10                                             By: _____/s/_____
11                                                   Richard L. Kellner

12

13

14  Dated: February 22, 2011                    CHITWOOD HARLEY HARNES LLP

15

16

17                                             By: _____/s/_____
18                                                   Darren T. Kaplan

19                                             *Attorneys for Plaintiffs and the*
                                               *Preliminarily Certified Class*
20

21

22

23

24

25

26

27

28

– 7 –