KABATECK BROWN KELLNER LLP
BRIAN S. KABATECK, SBN 152054
(bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 1714146
(rlk@kbklawyers.com)
KAREN LIAO, SBN 256072
(kliao@kbklawyers.com)
644 South Figueroa Street
Los Angeles, CA 90017
Tel: (213) 217-5000
Fax: (213) 217-5010

CHITWOOD HARLEY HARNES LLP
GREGORY E. KELLER (admitted *Pro Hac Vice*)
(gkeller@chitwoodlaw.com)
DARREN T. KAPLAN (admitted *Pro Hac Vice*)
(dtkaplan@chitwoodlaw.com)
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 876-4476

Attorneys for Plaintiffs and
the Preliminarily Certified Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: HP LASER PRINTER LITIGATION | CASE NO. SA CV 07-0667<br><br>HON. ANDREW J. GUILFORD<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; FINAL JUDGMENT |

WHEREAS, by order dated October 12, 2010, this Court granted preliminary approval of the proposed class action settlement between the parties and consolidated the following cases: *Baggett v. Hewlett-Packard Company*, Case No. CV 07-00667 AG and *Young v. Hewlett-Packard Company*, Case No. CV 09-00315 AG under the caption *In re: HP LASERJET PRINTER LITIGATION*, Case No. CV 07-00667 AG (the "Action").

WHEREAS, the Court also provisionally certified a nationwide Settlement Class for settlement purposes, approved the procedure for giving notice and forms of notice, and set a final fairness hearing to take place on February 14, 2011. On that date, the Court held a duly noticed final fairness hearing to consider: (1) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the named Plaintiffs' complaints on the merits and with prejudice in favor of Defendant Hewlett-Packard Company ("HP") and against all persons or entities who are Settlement Class Members; (3) whether and in what amount to award attorney's fees and expenses to counsel for the Settlement Class; (4) whether and in what amount to award incentive payments to the named Plaintiffs.

WHEREAS, at the February 14, 2011 final fairness hearing, Brian S. Kabateck and Richard L. Kellner of Kabateck Brown Kellner LLP and Darren T. Kaplan of Chitwood Harley Harnes LLP appeared on behalf of Plaintiff Kelsea Baggett and the Settlement Class; Kristofor T. Henning of Morgan, Lewis & Bockius LLP and Samuel Liversidge of Gibson Dunn & Crutcher LLP appeared on behalf of Defendant Hewlett-Packard; and Theodore Frank, James Young, Steve Miller, Michael Vlastone and Timothy Rumberger appeared on behalf of objectors.

WHEREAS, the Court has considered all matters submitted by the parties and objectors, as well as oral argument by counsel and objectors.

WHEREAS, it appears that notice substantially in the form approved by the Court was given in the manner that the Court ordered.

WHEREAS, the settlement was the result of extensive and intensive arms-length negotiations occurring over several months. Counsel for the parties are highly

experienced in this type of litigation, with full knowledge of the risks inherent in this Action. The extent of written discovery, depositions, document productions, and independent investigations by counsel for the parties, and the factual record compiled, suffices to enable the parties to make an informed decision as to the fairness and adequacy of the settlement.

WHEREAS, the Court has determined that the proposed settlement of the claims of the Settlement Class Members against HP, as well as the release of HP and the Released Parties, the significant relief provided to the Settlement Class Members—in the form of HP's agreement to contribute up to $5,000,000 in e-credits to be distributed to Settlement Class Members, as well as its agreement to provide descriptions to class members regarding the interruption or termination of printing caused by toner level in color LaserJet print cartridges—as described in the Stipulation of Settlement, and the award of attorney's fees and expenses requested, are fair, reasonable and adequate.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Stipulation of Settlement, including any attachments thereto, is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment shall have the meanings set forth in the Stipulation of Settlement.

2. The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' complaints in the Action, and to dismiss this Action on the merits and with prejudice.

3. The Court finds, for settlement purposes only and conditioned upon the entry of this Final Order and Judgment and upon the occurrence of the Effective Date (as defined in the Stipulation of Settlement), that the prerequisites for a class action under

Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has considered, among other factors: (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum. The Court takes guidance in its consideration of certification and settlement issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a nationwide class action on behalf of: all individual or entity end-users who purchased, leased, received as a gift or otherwise acquired in the United States an Affected Model (the "Settlement Class"). As defined in the Stipulation of Settlement, "Settlement Class Member(s)" means any member of the Settlement Class who does not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in the

Stipulation of Settlement and the Long Form Notice. Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of HP or its subsidiaries and affiliated companies, as well as the Court and its immediate family and staff.

5. The Court appoints the law firms of Kabateck Brown Kellner, LLP, Chitwood, Harley Harnes LLP and McNicholas & McNicholas as counsel for the Class ("Class Counsel"). The Court designates named Plaintiffs Kelsea Baggett and James Young as the representatives of the Settlement Class. The Court finds that the class representatives and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Stipulation of Settlement and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6. The Court finds that the e-mail notice and publication notice in accordance with the terms of the Stipulation of Settlement and this Court's Preliminary Approval Order, and as explained in the declarations filed before the Fairness Hearing:

(a) constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class' representation by Plaintiffs or Class Counsel, and/or the award of attorneys' and representative fees), (iv) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not request exclusion from the Settlement Class;

(c) constituted reasonable, due, adequate, and sufficient notice to all persons

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES; FINAL JUDGMENT (CASE NO. CV-07-0667 AG)

1  and entities entitled to be provided with notice; and

2      (d) fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

    7. The Court finds that HP provided notice of the proposed settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed settlement before entering its Final Order and Judgment and no such objections or comments were received.

    8. The terms and provisions of the Stipulation of Settlement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court finds that the Stipulation of Settlement is fair, adequate and reasonable based on the following factors, among other things:

    (a) There is no fraud or collusion underlying this settlement, and it was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval. *Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 615, 625 (9th Cir. 1982).

    (b) The complexity, expense and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible. Based on the stage of the proceedings and the amount of investigation and discovery completed, the parties had developed a sufficient factual record to evaluate their chances of success and the proposed settlement.

    (c) The support of Class Counsel, who are highly skilled in class action

litigation such as this, and the named Plaintiff Mr. Baggett, who has participated in this litigation and evaluated the proposed settlement, also favors final approval. *See Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

(d) The settlement provides meaningful relief to the Settlement Class, including the injunctive relief and e-credits described herein, and certainly falls within the range of possible recoveries by the Settlement Class. Significantly, the Court has taken into account the fact that the Court has previously granted summary judgment and/or dismissed all of the claims in the Action, and under the totality of the circumstances, the relief provided by the Settlement is fair and reasonable.

9. The parties are directed to consummate the Stipulation of Settlement in accordance with its terms and conditions. The Court hereby declares that the Stipulation of Settlement is binding on all parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

10. The Court finds that the response of the Settlement Class to the settlement supports final settlement approval. Of the almost 200,000 class members who received emails regarding the settlement, approximately 32 class members have opted out and approximately 46 class members sent letters to the Claims Administrator expressing some dissatisfaction with the settlement. Moreover, only 6 objections were filed with or argued to the Court. The Court has considered all objections (including those not submitted or filed in accordance with the terms of the Court's preliminary approval order) and finds that none of the objections has presented any argument or evidence demonstrating that the settlement is inadequate or unfair. Moreover, the Court has reviewed and considered the four decisions which Objector Theodore Frank relies upon to support his contention that prospective injunctive relief is not a benefit to the class (*True v. American Honda Motor Co.*, ___ F.Supp.2d ___, 2010 WL 707338 (C.D. Cal., February 26, 2010); *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646 (7th Cir. 2006); *Figueroa v. Sharper Image Corp.*, 517 F.Supp.2d 1292, 1326 (S.D. Fla.

2007); *In re General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F. 3d 768 (3d Cir. 1995)) and finds that these cases are inapplicable.

11. As described in the Stipulation of Settlement, HP has agreed to contribute up to $5,000,000 in e-credits to be distributed to eligible Settlement Class Members, and to provide for injunctive relief that includes HP's obligation to post on its website a description of the operation of the Affected Models as it pertains to any interruption or termination of printing caused by toner level in their print cartridges, including a description of the mechanism in certain printers that allows users to "override" any termination in printing caused by the level of toner in their print cartridges.

12. The terms and requirements of the injunctive relief described in the preceding paragraph shall expire upon the earlier of the following dates: (a) three (3) years after the Effective Date; or (b) the date upon which there are such changes in technology that would render the description inaccurate; or (c) the date upon which there are changes to any applicable statute, regulation, or other law that HP reasonably believes would require a modification to any of the disclosures described in the preceding paragraph in order to comply with the applicable statute, regulation, or law. Nothing in this Final Order and Judgment shall prevent HP from implementing disclosure changes prior to the Effective Date. This Final Order and Judgment does not preclude HP from making further disclosures or any changes to its disclosures: (i) that HP reasonably believes are necessary to comply with any statute, regulation, or other law of any kind; (ii) that are necessitated by product changes and/or to ensure that HP provides accurate product descriptions; or (iii) that are more detailed than those required by the Stipulation of Settlement and/or this Final Order and Judgment. In addition, HP is not responsible for changes to or removal of disclosures as a result of software changes implemented by third parties, including but not limited to changes in print driver software controlled by the operating system manufacturer.

13. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorney's fees and expenses in the amount of

– 7 –

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES; FINAL JUDGMENT (CASE NO. CV-07-0667 AG)

$2,000,000

1  $2,750,000.00 and a stipend of $2,500 to Class Representative Baggett and a stipend of
2  $1,000 to Class Representative Young. HP shall pay such attorney's fees and expenses
3  and class representative stipends within thirty (30) days after the Effective Date in the
4  manner described in the Stipulation of Settlement. Such payment by HP will be in lieu of
5  statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to
6  recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the
7  Action. Although a portion of the settlement recovery comes in the form of e-credits to be
8  given to eligible Settlement Class Members, Class Counsel have warranted and
9  represented that the portion of the recovery based on those e-credits has not been used to
10 determine the requested and awarded amount of the attorney's fees and expenses. The
11 Court finds that the lodestar method is the appropriate method of calculating an award of
12 attorneys' fees because it is difficult to assign a monetary value to the injunctive relief
13 portion of settlement. *Yeagley v. Wells Fargo & Co.*, 365 Fed.Appx. 886 (9th Cir. 2010).
14 The Court finds that the hours submitted by Class Counsel were reasonably incurred, the
15 hourly rates are reasonable and, in the totality of the circumstances, the negative lodestar
16 of approximately 0.5 is fair and reasonable under the circumstances.

17  14.  This Action is hereby dismissed with prejudice and without costs as against
18 HP and the Released Parties. Specifically, the following matters are to be dismissed with
19 prejudice: (a) *Baggett v. Hewlett-Packard Company*, Case No. CV 07-00667 AG; (b)
20 *Young v. Hewlett-Packard Company*, Case No. CV 09-00315 AG; and (c) *In re: HP
21 LASERJET PRINTER LITIGATION*, Case No. CV 07-00667 AG.

22  15.  Upon the Effective Date, the Releasing Parties (as that term is defined in the
23 Stipulation of Settlement) shall be deemed to have, and by operation of the Final Order
24 and Judgment shall have, fully, finally and forever released, relinquished, and discharged
25 all Released Claims against the Released Parties. Released Claims are defined in the
26 Stipulation of Settlement and means and includes any and all claims, demands, rights,
27 damages, obligations, suits, debts, liens, and causes of action of every nature and
28 description whatsoever, ascertained or unascertained, suspected or unsuspected, existing

or claimed to exist, including unknown claims (as described in Paragraph 16 below) as of the Effective Date by all of the Plaintiffs and all Settlement Class Members (and Plaintiffs' and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:

    (i)    were brought or that could have been brought against the Released Parties, or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged violations of state consumer protection, unfair competition, and/or false or deceptive advertising statutes (including, but not limited to, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Bus. & Prof. Code § 17500 *et seq.*, and Cal. Civ. Code § 1750 *et seq.*); breach of contract; breach of express or implied warranty; fraud; unjust enrichment, restitution, trespass to chattels, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

    (ii)    relate in any way to the quantity of output, amount of usable toner or value (including without limitation the number of printed pages) received from the Affected Models and their corresponding print cartridges, including but not limited to all claims that relate in any way to:

    (A)    any warning, graphic, alert, message, or other source of information indicating that a print cartridge is empty, unable to provide additional printed pages or must be replaced, including without limitation any such warning, graphic, alert, message, or other source of information regarding the need to replace any such print cartridge and/or any termination or interruption in printing for the Affected Models and their corresponding print cartridges;

    (B)    HP's use of smart chips, e-labels or other devices that electronically store data in connection with the Affected Models and their corresponding print cartridges;

– 9 –

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES; FINAL JUDGMENT (CASE NO. CV-07-0667 AG)

(C) HP's page yields for the Affected Models and their corresponding toner cartridges;

(D) The printed page output for the Affected Models and their corresponding printer cartridges (including whether customers were able to print sufficient pages to reach HP's estimated page yield disclosures);

(E) the amount of usable toner in the HP print cartridges used with the Affected Models;

(F) HP's SureSupply program, including graphics and messaging related to toner status, and related marketing materials;

(G) HP's specifications, marketing, disclosures, warranties, and representations (or lack thereof) regarding the quantity of output, amount of usable toner, or value received from the Affected Models and their corresponding print cartridges; and

(H) HP' disclosures (or lack thereof) that certain of its color LaserJet print cartridges include an "override" mechanism that permitted a user to continue printing as long as desired after any interruption or termination of printing caused by toner level in the print cartridge

Released Claims do not include: (i) claims for personal injury; or (ii) claims for repair or service of Affected Models that, at the time of the Effective Date, are covered by any express product warranty by HP.

16. The Released Claims include known and unknown claims relating to the Action, and the Stipulation of Settlement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder. Settlement Class Members have expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members have expressly waived and relinquished any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members have acknowledged that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the parties expressly acknowledged that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties has expressly waived whatever benefits it may have had pursuant to such section. Settlement Class Members are not releasing any claims for personal injury or any claims for repair or service of Affected Models (as defined by the Stipulation of Settlement) that are, at the time of the Effective Date, covered by any express product warranty by HP. Plaintiffs have acknowledged, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

17. Members of the Settlement Class who have opted out of or sought exclusion from the settlement by the date set by the Court do not release their claims and will not obtain any benefits of the settlement.

18. The Court orders that, upon the Effective Date, the Stipulation of Settlement

- 11 -

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES; FINAL JUDGMENT (CASE NO. CV-07-0667 AG)

1 shall be the exclusive remedy for any and all Released Claims of Settlement Class
2 Members. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement
3 Class Members, and all persons acting on behalf of, or in concert or participation with
4 such Plaintiffs or Settlement Class Members (including but not limited to the Releasing
5 Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing,
6 continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit,
7 arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction
8 based upon or asserting any of the Released Claims; (b) bringing a class action on
9 behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes
10 Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any
11 previously filed and/or certified class action, in any lawsuit based upon or asserting any
12 of the Released Claims.

13      19.   Neither the Stipulation of Settlement, nor any of its terms and provisions,
14 nor any of the negotiations or proceedings connected with it, nor any of the documents or
15 statements referred to therein, nor any of the documents or statements generated or
16 received pursuant to the claims administration process, shall be:

17      (a) offered by any person or received against HP as evidence or construed as
18 or deemed to be evidence of any presumption, concession, or admission by HP of the
19 truth of the facts alleged by the Plaintiffs or any Settlement Class Member or the validity
20 of any claim that has been or could have been asserted in the Action or in any litigation,
21 or other judicial or administrative proceeding, or the deficiency of any defense that has
22 been or could have been asserted in the Action or in any litigation, or of any liability,
23 negligence, fault or wrongdoing of HP;

24      (b) offered by any person or received against HP as evidence of a
25 presumption, concession or admission of any fault, misrepresentation or omission with
26 respect to any statement or written document approved or made by HP or any other
27 wrongdoing by HP;

28      (c) offered by any person or received against HP or as evidence of a

presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Stipulation of Settlement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the settlement (or any agreement or order relating thereto) or the Final Order and Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the settlement, the Final Order and Judgment, or the release as to HP, Plaintiffs, or the Settlement Class Members; or

(d) offered by any person or received against any Plaintiff or class representative as evidence or construed as or deemed to be evidence that any of their claims in any of the cases consolidated herein lack merit.

Notwithstanding the foregoing, HP may file the Stipulation of Settlement, this Final Order and Judgment, and/or any of the documents or statements referred to therein in support of any defense or claim that is binding on and shall have *res judicata*, *collateral estoppel*, and/or preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and/or any other Settlement Class Members, and each of them, as well as their heirs, executors, administrators, successors, assigns, and/or any other of the Releasing Parties.

20. The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Stipulation of Settlement and of this Final Order and Judgment, including, without limitation, for the purpose of:

(a) enforcing the terms and conditions of the Stipulation of Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Stipulation of Settlement, and/or this Final Order and Judgment (including, without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against HP);

(b) entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Stipulation of Settlement (including, without limitation, orders enjoining persons or entities from pursuing any claims against HP), or to ensure the fair and orderly administration of the Settlement; and

(c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Stipulation of Settlement, the settling parties, and the Settlement Class Members.

21. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Stipulation of Settlement.

22. In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**IT IS SO ORDERED.**

Dated: AUG 31, 2011

_____
Hon. Andrew J. Guilford
United States District Judge