Gary W. Sibley
2414 N. Akard Street, Suite 700
Dallas, Texas 75201
214-522-5222
Fax 214-855-7878
Email: g@juris.cc

Representing himself



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

IN RE:  HP LASERJET PRINTER
LITIGATION

Case No.: SA CV 07-0667  *A6 (RNBx)*

Honorable Andrew J. Guilford

**NOTICE OF APPEAL**

To The Honorable District Judge:

Notice is hereby given that Gary Sibley, Class Member and Objector, hereby appeals to the

United States Court of Appeals for the Ninth Circuit, from the Order Granting Final Approval

of Class Settlement and Granting Application for Attorney Fees and Costs and Incentive

Awards (Document No. 259), and the Order Granting Final Approval of Class Action

Settlement and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses; Final

Judgment (Document No. 260), all of which were entered on August 31, 2011.

Respectfully submitted,

Gary W. Sibley
Texas State Bar No. 18337700
The Sibley Firm
2414 N. Akard, Suite 700
Dallas, Texas 75201
Phone:  214-522-5222
Fax:  214-855-7878
Email:  g@juris.cc

Fee
Paid

**BACKGROUND**

This case challenges Hewlett-Packard's practice of including a "hardstop" on its color laser jet printers that shuts down all printing operations when a toner cartridge reaches "empty," even though some toner remains in the cartridge. Plaintiff Baggett and Plaintiff Young each filed a class action case against Defendant based on cartridge issues with some Hewlett Packard color LaserJet printers. Plaintiffs alleged that the toner cartridges would shut down even though some toner was left. Plaintiff Baggett alleged that the shutdown could not be overriden. Plaintiff Young alleged that later models would also shut down with toner remaining but the process could be overridden by the user.

Plaintiff Baggett asserted claims for violation of the California Unfair Competition Law, unjust enrichment, conversion, trespass to chattels, and fraudulent concealment. The Court dismissed the claim for unjust enrichment but denied Defendant's motion to dismiss the other claims. The Court later granted summary judgment against Plaintiff Baggett and denied as moot the motion for class certification. Plaintiff Baggett appealed to the Ninth Circuit.

Plaintiff Young asserted claims for violation of the California Unfair Competition Law, the California Consumers Legal Remedies Act, unjust enrichment, conversion, trespass to chattels, and fraudulent concealment. Defendant moved to dismiss, which this Court granted. Plaintiff Young appealed to the Ninth Circuit.

Both Plaintiffs are dismissing their appeals based on this settlement. Class counsel contends that settlement was reached largely because Defendant admitted it changed its practices in response to this litigation, and has agreed to related injunctive relief. The parties have now reached a settlement and ask the Court to grant final approval.

The Court held a final fairness hearing on the Motion and Application. The Court then took the matter under submission for further review, and has now reviewed recent cases that might affect its ruling, including cases submitted along the way by the parties and objectors. In particular, the Court has considered the very recent ruling in *In re Bluetooth Headset Liability*

1  *Litigation*, — F.3d —, 2011 WL 3632604 (9th Cir. Aug. 19, 2011).  The Court has now

2  completed its review and thus issues this Order.

3

4  **ANALYSIS**

5

6  **1.    CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT**

7

8          Plaintiffs seek class certification for purposes of settlement.  As set forth previously,

9  Plaintiffs move for final certification of "a class (the 'Settlement Class') of all individual or

10 entity end-users who purchased, leased, received as a gift or otherwise acquired in the United

11 States an Affected Model (as defined in the Stipulation of Settlement). Excluded from the

12 Settlement Class are all persons who are employees, directors, officers, and/or agents of HP or

13 its subsidiaries and affiliated companies, as well as the Court and its immediate family and

14 staff."

15         As mentioned, the Court previously granted Plaintiffs' request to certify a class for

16 purposes of settlement on a preliminary basis. (Dkt. # 219.)  The Court previously considered

17 the four prerequisites set forth in Federal Rule of Civil Procedure 23(a) and determined that this

18 class preliminarily met those requirements.  At that stage, the Court carefully reviewed the

19 proposed terms and gave substantial guidance to the parties on issues such as the proposed

20 release of claims by class members.

21         Nothing has changed since the Court granted preliminary approval that would warrant a

22 deviation from the Court's previous ruling.  Accordingly, the Court certifies the class for

23 purposes of class settlement for the reasons specified in more detail in the preliminary approval

24 order.

25

26

27

28

## 2.   APPROVAL OF CLASS SETTLEMENT

### 2.1   Settlement Terms

The primary relief here is injunctive relief, with Defendant disclosing the existence and effect of the mechanism in the printer cartridges that stops printing after a certain number of pages.  Defendant will also cease using that mechanism in future printers.

There is also a nominal monetary benefit to class members, for a total potential pay-out of $5 million.  Each member of the *Baggett* class (covering printer models with cartridges whose shutdown cannot be overridden) will receive a $13 e-credit per qualifying printer if the class member shows proof of ownership of a class printer.  Members of the *Young* class (covering printer models with cartridges whose shutdown can be overridden) will receive $7 e-credit per qualifying printer if they provide proof of ownership of a class printer and submit a declaration that they received a message the cartridge was empty, believed they were out of toner due to the message, and removed the cartridge without using the available override function.  (Motion 1:22-27, Motion 11:21-12:10.)

The e-credits "will be redeemable for printers and printer supplies offered at www.shopping.hp.com."  (Stipulation of Settlement ¶ 43.)  There are some products available for less than the amount of the $13 e-credit.  Therefore, since some class members can get something for free, "coupon settlement" concerns are alleviated.

In exchange for the relief provided, class members "shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties."  (Stipulation of Settlement ¶ 45.)

The parties appeared before the Honorable James L. Warren (Retired) to mediate settlement.  As set forth in *In re Bluetooth*, "the mere presence of a neutral mediator, though a factor weighing in favor of a finding of non-collusiveness, is not on its own dispositive of whether the end product is a fair, adequate, and reasonable settlement agreement."  *In re*

*Bluetooth*, 2011 WL 3632604, at *10.  With this limitation in mind, the Court notes this factor when concluding that the Court should approve the settlement and award fees.

### 2.2   Injunction

The Stipulation of Settlement (Dkt. # 213, Ex. A) sets forth the injunction at paragraphs 31-33.  The Court now GRANTS an injunction consistent with those terms.

### 2.3   Objectors and Opt-Outs

There are several objectors in this case.  Plaintiff Young is now one of the objectors.  The objectors who filed their objections properly before the deadline of January 4, 2011, raise unconvincing arguments that the compensation to the class should be greater.  Several additional objectors filed untimely objections.  Even though those objectors missed the deadline, the Court nonetheless considered their objections.  Besides the formal objectors, approximately 40 other class members sent letters to the class administrator expressing some dissatisfaction with the settlement.

The objections are not sufficiently meritorious to justify changing the terms of the proposed settlement.  Further, the credibility of at least one objector was called into question based on misstatements or mischaracterizations of evidence in his submissions to this Court.

### 2.4   Notice to Class

"Adequate notice is critical to court approval of a class settlement."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998).  Since Plaintiffs seek certification under Rule 23(b)(3), notice must comply with the requirements of Rule 23(c)(2)(B):

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The parties have provided proper notice consistent with the preliminary settlement approval. The Court directed that notice be provided by: (1) emailing the "long form" notice to the last known email address of those members of the Settlement Class who have a valid email address in Defendant's registration database and have not withheld their consent to be contacted via email; (2) publishing the "summary notice" in USA Weekend, Parade, People, and CIO Magazine as well as placing banner advertisements on Yahoo.com and other websites; and (3) providing a link on both notice forms to a settlement website.

The number of claim forms submitted, the number of opt-outs, and the number of objectors all indicate that notice was sufficient. The Court finds that class notice was appropriate in form and substance.

## 2.5    Settlement Factors

"Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The settlement as a whole, rather than the component parts, is the proper subject of inquiry. *Hanlon*, 150 F.3d at 1026. "Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* at 1027.

6

1    In assessing a settlement proposal, the Court must consider various factors, including (1)

2    the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further

3    litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount

4    offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6)

5    the experience and views of counsel; (7) the presence of a governmental participant; and (8) the

6    reaction of the class members to the proposed settlement. *Staton v. Boeing Co.*, 327 F.3d 938,

7    959 (9th Cir. 2003); *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). But

8    "[t]his is by no means an exhaustive list of relevant considerations." *Officers for Justice*, 688

9    F.2d at 625.

10    Considering all the factors set forth in *Staton* and *Churchill*, the Court concludes that the

11    proposed settlement is fundamentally fair, adequate, and reasonable. Particularly significant

12    under Factor (1) is that this Court previously ruled against Plaintiffs' theory of recovery, which

13    highlights the risk involved under Factors (2) and (3). Factor (5) also supports the settlement, as

14    the *Baggett* case had proceeded all the way through summary judgment. Further, under

15    Factor (6), the Court gives some weight to the fact that Plaintiffs' counsel is experienced in class

16    action litigation and views this settlement as providing "virtually all of the injunctive relief

17    sought . . . that directly address[es] the gravamen of the complaints." (Motion at 14:27-28, 15:3-

18    4.)

19    But as noted in *In re Bluetooth*, where a settlement is negotiated before formal class

20    certification, it's important to consider whether there is evidence of collusion or other conflicts

21    of interest. *In re Bluetooth*, 2011 WL 3632604, at *9. Courts must be "particularly vigilant not

22    only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit

23    of their own self interests and that of certain class members to infect the negotiations." *Id*. The

24    *In re Bluetooth* court set forth several such signs. One sign is when class counsel receive a

25    disproportionate share of the monetary settlement. *Id*. Another sign is when the parties

26    negotiate a "clear sailing" provision for attorney fees, in that defendant will not object to fees up

27    to a certain level. *Id*. And a final sign identified by *In re Bluetooth* is when the parties arrange

28    for fees to revert to the defendant instead of to the class fund or a cy pres fund. *Id*. These signs

1  are all present here, as they were in *In re Bluetooth*, so the Court must "examine the negotiation

2  process with even greater scrutiny than is ordinarily demanded." *Id.* at *12. The Court has

3  closely examined the evidence and argument presented regarding the negotiation of the

4  settlement agreement. As noted previously, the parties appeared before a neutral third party

5  mediator. While not dispositive, this fact supports a finding of non-collusion. *Id.* at *10.

6  Retired Judge Warren, the mediator in this settlement, states in his Declaration that the

7  settlement process was "long and arduous" over a period of several years, which suggests that

8  neither side was willing to collude for a quick resolution. (Warren Declaration, ¶ 3.) Further, he

9  states that "[a]ll counsel vigorously asserted their positions and negotiated in good-faith and at

10  arms-length to reach an appropriate compromise for the class." (*Id.* ¶ 5.) According to Retired

11  Judge Warren, class counsel "insist[ed] that the settlement terms for the benefit of the class be

12  finally resolved before compensation of counsel was addressed." (*Id.*) The Court finds that this

13  and other evidence supports a finding that there was no collusion between the parties in reaching

14  this settlement, despite the presence of the warning signs identified by *In re Bluetooth*.

### 2.6    Incentive Award

18      The parties agreed to a $2,500 stipend to Plaintiff Baggett and a $1,000 stipend to

19  Plaintiff Young. "Incentive awards are fairly typical in class action cases." *Rodriguez v. West*

20  *Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (emphasis omitted). Incentive awards "are

21  intended to compensate class representatives for work done on behalf of the class, to make up

22  for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize

23  their willingness to act as a private attorney general." *Id.* at 958-59. Incentive awards are within

24  the Court's discretion. *In re Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 463 (9th

25  Cir. 2000).

26      Plaintiff Young has objected to this settlement and the Court finds that such objectors to a

27  settlement are helpful in reviewing settlements and should not be discouraged. Thus, the Court

28

1   finds it appropriate to award him an incentive fee. The Court finds that the incentive awards are

2   reasonable as to Plaintiff Baggett and Plaintiff Young.

3

4       **2.7     Attorney Fees and Costs**

5

6       Class counsel spent over 11,000 hours on this litigation, for a lodestar of $4,776,464.25 in

7   fees plus nearly $200,000 in costs. Hourly rates range from $800 for a partner to $75 for a

8   paralegal, with a range of rates for dozens of other associates and partners. (Plaintiffs'

9   Supplement in Support of Plaintiffs' Motion for Preliminary Approval of Class Action

10   Settlement, Dkt. # 217.) Counsel acknowledges that the monetary benefit to the class is minimal

11   but contends that the injunctive relief is substantial. (Application at 2:24-3:2.) Plaintiffs request

12   attorney fees and costs of $2.75 million. Thus, the requested fees are a little over 50% of the

13   lodestar.

14       The Court has a duty to determine whether the attorney fees sought are fair and

15   reasonable. *In re Bluetooth*, 2011 WL 3632604, at *3; see also *Staton*, 327 F.3d at 963 (the

16   "district court must carefully assess the reasonableness of a fee amount spelled out in a class

17   action settlement agreement."). "In employment, civil rights and other injunctive relief class

18   actions, courts often use a lodestar calculation because there is no way to gauge the net value of

19   the settlement or any percentage thereof." *In re Bluetooth*, 2011 WL 3632604, at *4, citing

20   *Hanlon*, 150 F.3d at 1029. The resulting lodestar may then be adjusted upwards or downwards.

21   *Id.* Here, because the primary benefit to the class is injunctive relief, the Court finds it

22   appropriate to base the attorney fees on a lodestar calculation rather than any sort of common

23   fund calculation. The Court finds it unnecessary to attempt to quantify the value of the

24   injunctive relief where a lodestar calculation provides a reasonable way to determine attorney

25   fees.

26       "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve

27   auditing perfection. So trial courts may take into account their overall sense of a suit, and may

28   use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 131 S.Ct. 2205,

Case 8:07-cv-00667-AG-RNB   Document 261   Filed 09/26/11   Page 10 of 27   Page ID
Case 8:07-cv-00667-AG-RNB   Document 259-4   Filed 08/31/11   Page 10 of 12   Page ID
#:6337

1    2210 (2011). But the Court must be sure that "the amount awarded [is] not unreasonably

2    excessive in light of the results achieved." *In re Bluetooth*, 2011 WL 3632604 at *6. The Court

3    looks to the *Kerr* factors in determining any adjustment to the lodestar. *Kerr v. Screen Extras*

4    *Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). *Kerr* sets forth the following twelve factors: (1) the

5    time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill

6    requisite to perform the legal service properly, (4) the preclusion of other employment by the

7    attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or

8    contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount

9    involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10)

10   the "undesirability" of the case, (11) the nature and length of the professional relationship with

11   the client, and (12) awards in similar cases. *Id.* at 70. The Court has reviewed each of the

12   factors. One of the key factors here is the amount involved and the results obtained. As noted,

13   the primary benefit here is injunctive in nature, and the injunctive relief provided under the

14   Stipulation of Settlement is equivalent to what Plaintiffs were seeking in filing this lawsuit.

15   Another key factor is the time and labor required. Counsel for Plaintiffs devoted an enormous

16   number of hours to this litigation. The supporting documentation provides a break-down of

17   hours into general categories, which is appropriate for a case like this.

18          Considering the years spent on this case, the numerous motions filed, the adverse results

19   followed by appeals, and the successfully negotiated settlement, it is reasonable to award

20   substantial fees to Plaintiffs' counsel. Further, collusion appears not to be involved here here,

21   particularly considering that Defendant had prevailed both in the *Baggett* action after summary

22   judgment and in the *Young* action after dismissal. The Court also finds that the costs identified

23   by Plaintiffs were reasonably incurred.

24          With appropriate reductions to the thousands of hours billed, adjustments to the hourly

25   rates of dozens of attorneys, and reduction of the multiplier, and heeding Justice Kagan's

26   exhortation not to become "green-eyeshade accountants," *Fox*, 131 S.Ct. at 2216, the Court finds

27   that the hours and rates are reasonable with a total award, including costs, of $2 million, which

28   makes the fees a little less than 40% of the lodestar. This Court has discretion to determine

Case 8:07-cv-00667-AG-RNB   Document 261   Filed 09/26/11   Page 11 of 27   Page ID
Case 8:07-cv-00667-AG-RNB   Document 255   Filed 08/31/11   Page 11 of 12   Page ID
#:6338

1  appropriate fees and the Supreme Court noted that "[w]e can hardly think of a sphere of judicial

2  decisionmaking in which appellate micromanagement has less to recommend it." *Id.*

3          The attorney fee award is reasonable compared to the degree of success, particularly

4  regarding the injunctive relief obtained.  The "foremost" consideration is "the benefit obtained

5  for the class" and the degree of success.  *In re Bluetooth*, 2011 WL 3632604, at *4.  The

6  injunctive relief accepted by Defendant provides substantial benefit.  The Court has considered

7  the disproportion between the monetary value for the class in the form of e-credits and the multi-

8  million dollar fee award and concludes that the fees are justified due to the lodestar calculation

9  and the benefit of the injunctive relief.  Because this is not a common-fund case, the Court need

10  not compare the lodestar to a 25% benchmark, and the Court finds that this is not an

11  inappropriate approach designed to avoid the 25% benchmark.  *See In re Bluetooth*, 2011 WL

12  3632604, at *6 (requiring the district court to compare the lodestar to a percentage award where

13  it was unclear whether the district court employed a lodestar or percentage award calculation).

14

15  **3.      CONCLUSION**

16

17          The Court finds that the settlement is fair, reasonable, and adequate, that notice complies

18  with the requirements of due process, that few class members have objected or opted out, and

19  that there have been requisite showings for the incentive awards.  The Court further finds that an

20  award of $2 million for attorney fees and costs is appropriate here.

21

22

23

24

25

26

27

28

**DISPOSITION**

The Court GRANTS final approval and GRANTS the injunction as set forth in the Stipulation of Settlement. After fully reviewing the proposed order on the Motion and the Application, the Court has signed it with modifications consistent with this Order.


IT IS SO ORDERED.

DATED: August 31, 2011

_____
Andrew J. Guilford
United States District Judge

1   KABATECK BROWN KELLNER LLP
    BRIAN S. KABATECK, SBN 152054
2   (bsk@kbklawyers.com)
    RICHARD L. KELLNER, SBN 1714146
3   (rlk@kbklawyers.com)
    KAREN LIAO, SBN 256072
4   (kliao@kbklawyers.com)
    644 South Figueroa Street
5   Los Angeles, CA 90017
    Tel: (213) 217-5000
6   Fax: (213) 217-5010

7   CHITWOOD HARLEY HARNES LLP
    GREGORY E. KELLER (admitted *Pro Hac Vice*)
8   (gkeller@chitwoodlaw.com)
    DARREN T. KAPLAN (admitted *Pro Hac Vice*)
9   (dtkaplan@chitwoodlaw.com)
    2300 Promenade II
10  1230 Peachtree Street, N.E.
    Atlanta, GA 30309
11  Tel: (404) 873-3900
    Fax: (404) 876-4476
12
    Attorneys for Plaintiffs and
13  the Preliminarily Certified Class

14

15                    UNITED STATES DISTRICT COURT
16                   CENTRAL DISTRICT OF CALIFORNIA
17

18  In re: HP LASER PRINTER           CASE NO. SA CV 07-0667
    LITIGATION
19                                    HON. ANDREW J. GUILFORD
20                                    [PROPOSED] ORDER GRANTING
21                                    FINAL APPROVAL OF CLASS
                                      ACTION SETTLEMENT AND
22                                    MOTION FOR ATTORNEYS' FEES
                                      AND REIMBURSEMENT OF
23                                    LITIGATION EXPENSES; FINAL
                                      JUDGMENT
24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES; FINAL JUDGMENT (CASE NO. CV-07-0667 AG)

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 31 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

1    WHEREAS, by order dated October 12, 2010, this Court granted preliminary

2  approval of the proposed class action settlement between the parties and consolidated the

3  following cases: *Baggett v. Hewlett-Packard Company*, Case No. CV 07-00667 AG and

4  *Young v. Hewlett-Packard Company*, Case No. CV 09-00315 AG under the caption *In re:*

5  *HP LASERJET PRINTER LITIGATION*, Case No. CV 07-00667 AG (the "Action").

6    WHEREAS, the Court also provisionally certified a nationwide Settlement Class

7  for settlement purposes, approved the procedure for giving notice and forms of notice,

8  and set a final fairness hearing to take place on February 14, 2011. On that date, the

9  Court held a duly noticed final fairness hearing to consider: (1) whether the terms and

10  conditions of the Stipulation of Settlement are fair, reasonable and adequate; (2) whether

11  a judgment should be entered dismissing the named Plaintiffs' complaints on the merits

12  and with prejudice in favor of Defendant Hewlett-Packard Company ("HP") and against

13  all persons or entities who are Settlement Class Members; (3) whether and in what

14  amount to award attorney's fees and expenses to counsel for the Settlement Class; (4)

15  whether and in what amount to award incentive payments to the named Plaintiffs.

16    WHEREAS, at the February 14, 2011 final fairness hearing, Brian S. Kabateck and

17  Richard L. Kellner of Kabateck Brown Kellner LLP and Darren T. Kaplan of Chitwood

18  Harley Harnes LLP appeared on behalf of Plaintiff Kelsea Baggett and the Settlement

19  Class; Kristofor T. Henning of Morgan, Lewis & Bockius LLP and Samuel Liversidge of

20  Gibson Dunn & Crutcher LLP appeared on behalf of Defendant Hewlett-Packard; and

21  Theodore Frank, James Young, Steve Miller, Michael Vlastone and Timothy Rumberger

22  appeared on behalf of objectors.

23    WHEREAS, the Court has considered all matters submitted by the parties and

24  objectors, as well as oral argument by counsel and objectors.

25    WHEREAS, it appears that notice substantially in the form approved by the Court

26  was given in the manner that the Court ordered.

27    WHEREAS, the settlement was the result of extensive and intensive arms-length

28  negotiations occurring over several months. Counsel for the parties are highly

1    experienced in this type of litigation, with full knowledge of the risks inherent in this

2    Action. The extent of written discovery, depositions, document productions, and

3    independent investigations by counsel for the parties, and the factual record compiled,

4    suffices to enable the parties to make an informed decision as to the fairness and

5    adequacy of the settlement.

6        WHEREAS, the Court has determined that the proposed settlement of the claims of

7    the Settlement Class Members against HP, as well as the release of HP and the Released

8    Parties, the significant relief provided to the Settlement Class Members—in the form of

9    HP's agreement to contribute up to $5,000,000 in e-credits to be distributed to Settlement

10   Class Members, as well as its agreement to provide descriptions to class members

11   regarding the interruption or termination of printing caused by toner level in color

12   LaserJet print cartridges—as described in the Stipulation of Settlement, and the award of

13   attorney's fees and expenses requested, are fair, reasonable and adequate.

14       **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

15       1.    The Stipulation of Settlement, including any attachments thereto, is

16   expressly incorporated by reference into this Final Order and Judgment and made a part

17   hereof for all purposes. Except where otherwise noted, all capitalized terms used in this

18   Final Order and Judgment shall have the meanings set forth in the Stipulation of

19   Settlement.

20       2.    The Court has personal jurisdiction over the Parties and all Settlement Class

21   Members, and has subject-matter jurisdiction over this Action, including, without

22   limitation, jurisdiction to approve the proposed settlement, to grant final certification of

23   the Settlement Class, to settle and release all claims arising out of the transactions alleged

24   in Plaintiffs' complaints in the Action, and to dismiss this Action on the merits and with

25   prejudice.

26       3.    The Court finds, for settlement purposes only and conditioned upon the

27   entry of this Final Order and Judgment and upon the occurrence of the Effective Date (as

28   defined in the Stipulation of Settlement), that the prerequisites for a class action under

–2–

1   Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

2   (a) the number of Settlement Class Members is so numerous that joinder of all members

3   thereof is impracticable; (b) there are questions of law and fact common to the Settlement

4   Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they

5   seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately

6   represented the interests of the Settlement Class and will continue to do so, and the

7   Plaintiffs have retained experienced counsel to represent them; (e) for purposes of

8   settlement, the questions of law and fact common to the Settlement Class Members

9   predominate over any questions affecting any individual Settlement Class Member; and

10  (f) for purposes of settlement, a class action is superior to the other available methods for

11  the fair and efficient adjudication of the controversy. The Court also concludes that,

12  because this Action is being settled rather than litigated, the Court need not consider

13  manageability issues that might be presented by the trial of a nationwide class action

14  involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620

15  (1997). In making these findings, the Court has considered, among other factors: (i) the

16  interests of Settlement Class Members in individually controlling the prosecution or

17  defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or

18  defending separate actions; (iii) the extent and nature of any litigation concerning these

19  claims already commenced; and (iv) the desirability of concentrating the litigation of the

20  claims in a particular forum. The Court takes guidance in its consideration of certification

21  and settlement issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

22      4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court

23  hereby finally certifies this Action for settlement purposes as a nationwide class action on

24  behalf of: all individual or entity end-users who purchased, leased, received as a gift or

25  otherwise acquired in the United States an Affected Model (the "Settlement Class"). As

26  defined in the Stipulation of Settlement, "Settlement Class Member(s)" means any

27  member of the Settlement Class who does not elect exclusion or opt out from the

28  Settlement Class pursuant to the terms and conditions for exclusion set out in the

– 3 –

Case 8:07-cv-00667-AG-RNB   Document 261   Filed 09/26/11   Page 17 of 27   Page ID
#:637
Case 8:07-cv-00667-AG-RNB   Document 260   Filed 08/31/11   Page 5 of 15   Page ID #:6344

1    Stipulation of Settlement and the Long Form Notice. Excluded from the

2    Settlement Class are all persons who are employees, directors, officers, and agents of HP

3    or its subsidiaries and affiliated companies, as well as the Court and its immediate family

4    and staff.

5           5.      The Court appoints the law firms of Kabateck Brown Kellner, LLP,

6    Chitwood, Harley Harnes LLP and McNicholas & McNicholas as counsel for the Class

7    ("Class Counsel"). The Court designates named Plaintiffs Kelsea Baggett and James

8    Young as the representatives of the Settlement Class. The Court finds that the class

9    representatives and Class Counsel have fully and adequately represented the Settlement

10    Class for purposes of entering into and implementing the Stipulation of Settlement and

11    have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

12           6.      The Court finds that the e-mail notice and publication notice in accordance

13    with the terms of the Stipulation of Settlement and this Court's Preliminary Approval

14    Order, and as explained in the declarations filed before the Fairness Hearing:

15           (a) constituted the best practicable notice to Settlement Class Members

16    under the circumstances of this Action;

17           (b) were reasonably calculated, under the circumstances, to apprise

18    Settlement Class Members of (i) the pendency of this class action, (ii) their right to

19    exclude themselves from the Settlement Class and the proposed settlement, (iii) their

20    right to object to any aspect of the proposed settlement (including final certification of the

21    Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the

22    adequacy of the Settlement Class' representation by Plaintiffs or Class Counsel, and/or

23    the award of attorneys' and representative fees), (iv) their right to appear at the Fairness

24    Hearing (either on their own or through counsel hired at their own expense), and (v) the

25    binding effect of the orders and Final Order and Judgment in this Action, whether

26    favorable or unfavorable, on all persons and entities who do not request exclusion

27    from the Settlement Class;

28           (c) constituted reasonable, due, adequate, and sufficient notice to all persons

– 4 –

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES; FINAL JUDGMENT (CASE NO. CV-07-0667 AG)

1   and entities entitled to be provided with notice; and

2          (d) fully satisfied the requirements of the Federal Rules of Civil Procedure,

3   including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States

4   Constitution (including the Due Process Clause), the Rules of this Court, and any other

5   applicable law.

6       7.    The Court finds that HP provided notice of the proposed settlement to the

7   appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.

8   Furthermore, the Court has given the appropriate state and federal government officials

9   the requisite ninety (90) day time period (pursuant to 28 U.S.C. § 1715) to comment or

10   object to the proposed settlement before entering its Final Order and Judgment and no

11   such objections or comments were received.

12       8.    The terms and provisions of the Stipulation of Settlement, including any and

13   all amendments and exhibits, have been entered into in good faith and are hereby fully

14   and finally approved as fair, reasonable and adequate as to, and in the best interests of,

15   the Plaintiffs and the Settlement Class Members, and in full compliance with all

16   applicable requirements of the Federal Rules of Civil Procedure, the United States

17   Constitution (including the Due Process Clause), and any other applicable law. The Court

18   finds that the Stipulation of Settlement is fair, adequate and reasonable based on the

19   following factors, among other things:

20          (a) There is no fraud or collusion underlying this settlement, and it was

21   reached after good faith, arms-length negotiations, warranting a presumption in favor of

22   approval. *Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 615, 625 (9th Cir. 1982).

23          (b) The complexity, expense and likely duration of the litigation favor

24   settlement on behalf of the Settlement Class, which provides meaningful benefits on a

25   much shorter time frame than otherwise possible. Based on the stage of the proceedings

26   and the amount of investigation and discovery completed, the parties had developed a

27   sufficient factual record to evaluate their chances of success and the proposed settlement.

28          (c) The support of Class Counsel, who are highly skilled in class action

1  litigation such as this, and the named Plaintiff Mr. Baggett, who has participated in this

2  litigation and evaluated the proposed settlement, also favors final approval. *See Boyd v.*

3  *Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Class Plaintiffs v. City of Seattle*,

4  955 F.2d 1268, 1291 (9th Cir. 1992).

5  (d) The settlement provides meaningful relief to the Settlement Class,

6  including the injunctive relief and e-credits described herein, and certainly falls within

7  the range of possible recoveries by the Settlement Class.  Significantly, the Court has

8  taken into account the fact that the Court has previously granted summary judgment

9  and/or dismissed all of the claims in the Action, and under the totality of the

10  circumstances, the relief provided by the Settlement is fair and reasonable.

11  9.  The parties are directed to consummate the Stipulation of Settlement in

12  accordance with its terms and conditions. The Court hereby declares that the Stipulation

13  of Settlement is binding on all parties and Settlement Class Members, and it is to be

14  preclusive in all pending and future lawsuits or other proceedings.

15  10.  The Court finds that the response of the Settlement Class to the settlement

16  supports final settlement approval.  Of the almost 200,000 class members who received

17  emails regarding the settlement, approximately 32 class members have opted out and

18  approximately 46 class members sent letters to the Claims Administrator expressing

19  some dissatisfaction with the settlement.  Moreover, only 6 objections were filed with or

20  argued to the Court. The Court has considered all objections (including those not

21  submitted or filed in accordance with the terms of the Court's preliminary approval

22  order) and finds that none of the objections has presented any argument or evidence

23  demonstrating that the settlement is inadequate or unfair.  Moreover, the Court has

24  reviewed and considered the four decisions which Objector Theodore Frank relies upon

25  to support his contention that prospective injunctive relief is not a benefit to the class

26  (*True v. American Honda Motor Co.*, ____ F.Supp.2d ____, 2010 WL 707338 (C.D. Cal.,

27  February 26, 2010); *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646

28  (7th Cir. 2006); *Figueroa v. Sharper Image Corp.*, 517 F.Supp.2d 1292, 1326 (S.D. Fla.

– 6 –

1 | 2007); *In re General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.

2 | 3d 768 (3d Cir. 1995)) and finds that these cases are inapplicable.

3 |     11.    As described in the Stipulation of Settlement, HP has agreed to contribute

4 | up to $5,000,000 in e-credits to be distributed to eligible Settlement Class Members, and

5 | to provide for injunctive relief that includes HP's obligation to post on its website a

6 | description of the operation of the Affected Models as it pertains to any interruption or

7 | termination of printing caused by toner level in their print cartridges, including a

8 | description of the mechanism in certain printers that allows users to "override" any

9 | termination in printing caused by the level of toner in their print cartridges.

10 |     12.    The terms and requirements of the injunctive relief described in the

11 | preceding paragraph shall expire upon the earlier of the following dates: (a) three (3)

12 | years after the Effective Date; or (b) the date upon which there are such changes in

13 | technology that would render the description inaccurate; or (c) the date upon which there

14 | are changes to any applicable statute, regulation, or other law that HP reasonably believes

15 | would require a modification to any of the disclosures described in the preceding

16 | paragraph in order to comply with the applicable statute, regulation, or law. Nothing in

17 | this Final Order and Judgment shall prevent HP from implementing disclosure changes

18 | prior to the Effective Date. This Final Order and Judgment does not preclude HP from

19 | making further disclosures or any changes to its disclosures: (i) that HP reasonably

20 | believes are necessary to comply with any statute, regulation, or other law of any kind;

21 | (ii) that are necessitated by product changes and/or to ensure that HP provides accurate

22 | product descriptions; or (iii) that are more detailed than those required by the Stipulation

23 | of Settlement and/or this Final Order and Judgment.  In addition, HP is not responsible

24 | for changes to or removal of disclosures as a result of software changes implemented by

25 | third parties, including but not limited to changes in print driver software controlled by

26 | the operating system manufacturer.

27 |     13.    Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court

28 | hereby awards Class Counsel attorney's fees and expenses in the amount of

-7-

1   ~~$2,750,000.00~~ and a stipend of $2,500 to Class Representative Baggett and a stipend of

2   $1,000 to Class Representative Young. HP shall pay such attorney's fees and expenses

3   and class representative stipends within thirty (30) days after the Effective Date in the

4   manner described in the Stipulation of Settlement. Such payment by HP will be in lieu of

5   statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to

6   recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the

7   Action. Although a portion of the settlement recovery comes in the form of e-credits to be

8   given to eligible Settlement Class Members, Class Counsel have warranted and

9   represented that the portion of the recovery based on those e-credits has not been used to

10  determine the requested and awarded amount of the attorney's fees and expenses. The

11  Court finds that the lodestar method is the appropriate method of calculating an award of

12  attorneys' fees because it is difficult to assign a monetary value to the injunctive relief

13  portion of settlement. *Yeagley v. Wells Fargo & Co.*, 365 Fed.Appx. 886 (9th Cir. 2010).

14  The Court finds that the hours submitted by Class Counsel were reasonably incurred, the

15  hourly rates are reasonable and, in the totality of the circumstances, the negative lodestar

16  of approximately 0.5 is fair and reasonable under the circumstances.

17      14.     This Action is hereby dismissed with prejudice and without costs as against

18  HP and the Released Parties. Specifically, the following matters are to be dismissed with

19  prejudice: (a) *Baggett v. Hewlett-Packard Company*, Case No. CV 07-00667 AG; (b)

20  *Young v. Hewlett-Packard Company*, Case No. CV 09-00315 AG; and (c) *In re: HP*

21  *LASERJET PRINTER LITIGATION*, Case No. CV 07-00667 AG.

22      15.     Upon the Effective Date, the Releasing Parties (as that term is defined in the

23  Stipulation of Settlement) shall be deemed to have, and by operation of the Final Order

24  and Judgment shall have, fully, finally and forever released, relinquished, and discharged

25  all Released Claims against the Released Parties. Released Claims are defined in the

26  Stipulation of Settlement and means and includes any and all claims, demands, rights,

27  damages, obligations, suits, debts, liens, and causes of action of every nature and

28  description whatsoever, ascertained or unascertained, suspected or unsuspected, existing

Case 8:07-cv-00667-AG-RNB   Document 261   Filed 09/26/11   Page 22 of 27   Page ID
#:6376
Case 8:07-cv-00667-AG-RNB   Document 256   Filed 08/31/11   Page 10 of 15   Page ID
#:6349

1  or claimed to exist, including unknown claims (as described in Paragraph 16 below) as of

2  the Effective Date by all of the Plaintiffs and all Settlement Class Members (and

3  Plaintiffs' and Settlement Class Members' respective heirs, executors, administrators,

4  representatives, agents, attorneys, partners, successors, predecessors-in-interest, and

5  assigns) that:

6         (i)     were brought or that could have been brought against the Released

7  Parties, or any of them, and that arise out of or are related in any way to any or all of the

8  acts, omissions, facts, matters, transactions, or occurrences that were or could have been

9  directly or indirectly alleged or referred to in the Action (including, but not limited to

10  alleged violations of state consumer protection, unfair competition, and/or false or

11  deceptive advertising statutes (including, but not limited to, Cal. Bus. & Prof. Code §

12  17200 *et seq.*, Cal. Bus. & Prof. Code § 17500 *et seq.*, and Cal. Civ. Code § 1750 *et seq.*);

13  breach of contract; breach of express or implied warranty; fraud; unjust enrichment,

14  restitution, trespass to chattels, conversion, declaratory or injunctive relief, and other

15  equitable claims or claims sounding in contract and tort); and

16         (ii)    relate in any way to the quantity of output, amount of usable toner or

17  value (including without limitation the number of printed pages) received from the

18  Affected Models and their corresponding print cartridges, including but not limited to all

19  claims that relate in any way to:

20

21         (A)    any warning, graphic, alert, message, or other source of information

22  indicating that a print cartridge is empty, unable to provide additional printed pages or must be replaced, including without limitation any

23  such warning, graphic, alert, message, or other source of information regarding the need to replace any such print cartridge and/or any

24  termination or interruption in printing for the Affected Models and their corresponding print cartridges;

25

26         (B)    HP's use of smart chips, e-labels or other devices that electronically

27  store data in connection with the Affected Models and their corresponding print cartridges;

28

-9-

Case 8:07-cv-00667-AG-RNB   Document 259-7   Filed 08/31/11   Page 11 of 15   Page ID #:6097

   (C)  HP's page yields for the Affected Models and their corresponding toner cartridges;

   (D)  The printed page output for the Affected Models and their corresponding printer cartridges (including whether customers were able to print sufficient pages to reach HP's estimated page yield disclosures);

   (E)  the amount of usable toner in the HP print cartridges used with the Affected Models;

   (F)  HP's SureSupply program, including graphics and messaging related to toner status, and related marketing materials;

   (G)  HP's specifications, marketing, disclosures, warranties, and representations (or lack thereof) regarding the quantity of output, amount of usable toner, or value received from the Affected Models and their corresponding print cartridges; and

   (H)  HP' disclosures (or lack thereof) that certain of its color LaserJet print cartridges include an "override" mechanism that permitted a user to continue printing as long as desired after any interruption or termination of printing caused by toner level in the print cartridge

Released Claims do not include: (i) claims for personal injury; or (ii) claims for repair or service of Affected Models that, at the time of the Effective Date, are covered by any express product warranty by HP.

  16.  The Released Claims include known and unknown claims relating to the Action, and the Stipulation of Settlement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder. Settlement Class Members have expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

   A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

– 10 –

Case 8:07-cv-00667-AG-RNB   Document 261   Filed 09/26/11   Page 24 of 27   Page ID
Case 8:07-cv-00667-AG-RNB   Document 260#26078 Filed 08/31/11   Page 12 of 15   Page ID
#:6351

1  Settlement Class Members have expressly waived and relinquished any and all rights and

2  benefits that they may have under, or that may be conferred upon them by, the provisions

3  of Section 1542 of the California Civil Code, or any other law of any state or territory

4  that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they

5  may lawfully waive such rights or benefits pertaining to the Released Claims. In

6  connection with such waiver and relinquishment, the Settlement Class Members have

7  acknowledged that they are aware that they or their attorneys may hereafter discover

8  claims or facts in addition to or different from those that they now know or

9  believe exist with respect to Released Claims, but that it is their intention to hereby fully,

10 finally, and forever settle and release all of the Released Claims known or unknown,

11 suspected or unsuspected, that they have against the Released Parties. In furtherance of

12 such intention, the release herein given by the Settlement Class Members to the Released

13 Parties shall be and remain in effect as a full and complete general release

14 notwithstanding the discovery or existence of any such additional different claims or

15 facts. Each of the parties expressly acknowledged that it has been advised by its attorney

16 of the contents and effect of Section 1542, and with knowledge, each of the parties has

17 expressly waived whatever benefits it may have had pursuant to such section. Settlement

18 Class Members are not releasing any claims for personal injury or any claims for repair

19 or service of Affected Models (as defined by the Stipulation of Settlement) that are, at the

20 time of the Effective Date, covered by any express product warranty by HP. Plaintiffs

21 have acknowledged, and the Settlement Class Members shall be deemed by operation of

22 the Final Order and Judgment to have acknowledged, that the foregoing waiver was

23 separately bargained for and a material element of the Settlement of which this release is

24 a part.

25     17.    Members of the Settlement Class who have opted out of or sought exclusion

26 from the settlement by the date set by the Court do not release their claims and will not

27 obtain any benefits of the settlement.

28     18.    The Court orders that, upon the Effective Date, the Stipulation of Settlement

Case 8:07-cv-00667-AG-RNB   Document 261   Filed 09/26/11   Page 25 of 27   Page ID
Case 8:07-cv-00667-AG-RNB   Document 260   Filed 08/31/11   Page 13 of 15   Page ID
#:6352

1 shall be the exclusive remedy for any and all Released Claims of Settlement Class

2 Members. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement

3 Class Members, and all persons acting on behalf of, or in concert or participation with

4 such Plaintiffs or Settlement Class Members (including but not limited to the Releasing

5 Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing,

6 continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit,

7 arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction

8 based upon or asserting any of the Released Claims; (b) bringing a class action on

9 behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes

10 Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any

11 previously filed and/or certified class action, in any lawsuit based upon or asserting any

12 of the Released Claims.

13      19.    Neither the Stipulation of Settlement, nor any of its terms and provisions,

14 nor any of the negotiations or proceedings connected with it, nor any of the documents or

15 statements referred to therein, nor any of the documents or statements generated or

16 received pursuant to the claims administration process, shall be:

17      (a) offered by any person or received against HP as evidence or construed as

18 or deemed to be evidence of any presumption, concession, or admission by HP of the

19 truth of the facts alleged by the Plaintiffs or any Settlement Class Member or the validity

20 of any claim that has been or could have been asserted in the Action or in any litigation,

21 or other judicial or administrative proceeding, or the deficiency of any defense that has

22 been or could have been asserted in the Action or in any litigation, or of any liability,

23 negligence, fault or wrongdoing of HP;

24      (b) offered by any person or received against HP as evidence of a

25 presumption, concession or admission of any fault, misrepresentation or omission with

26 respect to any statement or written document approved or made by HP or any other

27 wrongdoing by HP;

28      (c) offered by any person or received against HP or as evidence of a

– 12 –

Case 8:07-cv-00667-AG-RNB  Document 261  Filed 09/26/11  Page 26 of 27  Page ID
Case 8:07-cv-00667-AG-RNB  Document 260  Filed 08/31/11  Page 14 of 15  Page ID
#:6353

1   presumption, concession, or admission with respect to any default, liability, negligence,

2   fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered,

3   received in evidence, or referred to for any other reason against any of the settling parties,

4   in any civil, criminal, or administrative action or proceeding; provided, however, that

5   nothing contained in this paragraph shall prevent the Stipulation of Settlement (or any

6   agreement or order relating thereto) from being used, offered, or received in evidence in

7   any proceeding to approve, enforce, or otherwise effectuate the settlement (or any

8   agreement or order relating thereto) or the Final Order and Judgment, or in which the

9   reasonableness, fairness, or good faith of the parties in participating in the settlement (or

10  any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions

11  of the settlement, the Final Order and Judgment, or the release as to HP, Plaintiffs, or the

12  Settlement Class Members; or

13          (d) offered by any person or received against any Plaintiff or class

14  representative as evidence or construed as or deemed to be evidence that any of their

15  claims in any of the cases consolidated herein lack merit.

16      Notwithstanding the foregoing, HP may file the Stipulation of Settlement, this

17  Final Order and Judgment, and/or any of the documents or statements referred to therein

18  in support of any defense or claim that is binding on and shall have *res judicata*,

19  *collateral estoppel*, and/or preclusive effect in all pending and future lawsuits or other

20  proceedings maintained by or on behalf of Plaintiffs and/or any other Settlement Class

21  Members, and each of them, as well as their heirs, executors, administrators, successors,

22  assigns, and/or any other of the Releasing Parties.

23      20.    The Court has jurisdiction to enter this Final Order and Judgment. Without

24  in any way affecting the finality of this Final Order and Judgment, this Court expressly

25  retains exclusive and continuing jurisdiction over the parties, including the Settlement

26  Class, and all matters relating to the administration, consummation, validity, enforcement

27  and interpretation of the Stipulation of Settlement and of this Final Order and Judgment,

28  including, without limitation, for the purpose of:

– 13 –

Case 8:07-cv-00667-AG-RNB   Document 261   Filed 09/26/11   Page 27 of 27   Page ID
#:6354
Case 8:07-cv-00667-AG-RNB   Document 260   Filed 08/31/11   Page 15 of 15   Page ID
#:6331

1    (a) enforcing the terms and conditions of the Stipulation of Settlement and

2    resolving any disputes, claims or causes of action that, in whole or in part, are related to

3    or arise out of the Stipulation of Settlement, and/or this Final Order and Judgment

4    (including, without limitation: whether a person or entity is or is not a Settlement Class

5    Member; whether claims or causes of action allegedly related to this Action are or are not

6    barred or released by this Final Order and Judgment; and whether persons or entities are

7    enjoined from pursuing any claims against HP);

8    (b) entering such additional orders, if any, as may be necessary or

9    appropriate to protect or effectuate this Final Order and Judgment and the Stipulation of

10   Settlement (including, without limitation, orders enjoining persons or entities from

11   pursuing any claims against HP), or to ensure the fair and orderly administration of the

12   Settlement; and

13   (c) entering any other necessary or appropriate orders to protect and

14   effectuate this Court's retention of continuing jurisdiction over the Stipulation of

15   Settlement, the settling parties, and the Settlement Class Members.

16   21.    Without further order of the Court, the settling parties may agree to

17   reasonably necessary extensions of time to carry out any of the provisions of the

18   Stipulation of Settlement.

19   22.    In the event that the Effective Date does not occur, certification shall be

20   automatically vacated and this Final Order and Judgment, and all other orders entered and

21   releases delivered in connection herewith, shall be vacated and shall become null and

22   void.

23                                          IT IS SO ORDERED.

24

25   Dated: AUG 31, 2011

26                                          Hon. Andrew J. Guilford
27                                          United States District Judge

28

– 14 –